STATE, Appellant, v. ALLIED CHEMICAL & DYE CORPORATION and others, Respondents.*

*January 5—February 2, 1960.*

* Motion for rehearing denied, without costs, on April 5, 1960.

292

For the appellant the cause was argued by *George F. Sieker,* assistant attorney general, and *John R. Devitt,* assistant corporation counsel of Milwaukee county, with whom on the briefs were *John W. Reynolds,* attorney general, and *Robert J. Vergeront* and *Albert O. Harriman,* assistant attorneys general, attorneys, and *William J. McCauley,* district attorney of Milwaukee county, and *C. Stanley Perry,* corporation counsel, of counsel.

For the respondents there was a brief by *Fairchild, Foley & Sammond* of Milwaukee, for the Columbia-Southern Chemical Corporation; by *Michael, Spohn, Best & Friedrich* of Milwaukee, for the Dow Chemical Company; and by *Wood, Brady, Tyrrell & Bruce* of Milwaukee, for the Wyandotte Chemicals Corporation; and oral argument by *Steven E. Keane, David E. Beckwith, T. L. Tolan, Jr.,* and *Kenneth K. Luce,* all of Milwaukee.

BROADFOOT, J.   Each side cites and relies upon several cases decided by both federal and state courts. The state relies in particular upon certain language in *Leader Theatre Corp. v. Randforce Amusement Corp.,* 186 Misc. 280, 58 N. Y. Supp. (2d) 304, and *Commonwealth v. McHugh,* 326 Mass. 249, 93 N. E. (2d) 751. It further relies heavily on certain decisions of the United States supreme court in the *Standard Oil Cases.*

The defendants rely heavily upon the case of *Paramount Publix Corp. v. Hill,* 11 Fed. Supp. 478, particularly in view of the comment thereon in the case of *Ritholz v. Ammon,* 240 Wis. 578, 4 N. W. (2d) 173. The *Paramount Publix Case* was a decision of the district court of the United States for the Western district of Wisconsin. The defendants further rely upon language in decisions of the United States supreme court in the employment-relations field where the supreme court found language in the acts of

congress that precludes the states from acting in the same field.

None of the cases cited are comparable to the facts here, and a review of the many cases would be of little value. Our determination is being made from a reading of the various legislative enactments, both state and federal, dealing with conspiracies and monopolies. From such reading and examination we conclude:

1. There is no language in the federal enactments that pre-empts the field of regulation and enforcement in the federal government or that precludes the states from enacting effective legislation dealing with such unlawful practices.

2. There is no conflict between the federal and state statutes.

3. The Wisconsin statutes make no attempt to regulate or burden interstate commerce.

4. The federal trade commission was not established to enforce the federal antimonopoly statutes. It has been given broad powers to regulate certain trade practices, many of them similar to those delegated by Wisconsin to its state department of agriculture.

5. The Wisconsin statutes were enacted in the exercise of the police powers of the state. The public interest and welfare of the people of Wisconsin are substantially affected if prices of a product are fixed or supplies thereof are restricted as the result of an illegal combination or conspiracy. The people of Wisconsin are entitled to the advantages that flow from free competition in the purchase of calcium chloride and other products, and if the state is able to prove the allegations made in its complaint it is apparent that the acts of the defendants deny to them those advantages.

6. There are letters in the record from individuals in the federal trade commission and in the department of justice

which indicate that the attitude of the federal government is to co-operate with the state in its efforts to enforce the state statutes dealing with conspiracies and monopolies. It is contended that these letters are merely the expressions of the individuals and not binding upon the federal government, but the letters are an indication that there is no conflict between the federal and state laws and that the federal government has not pre-empted the field because of the language of its enactments or because the federal trade commission has exercised jurisdiction dealing in part with acts alleged to be a violation of the Wisconsin statutes. We conclude, therefore, that the action by the federal trade commission does not amount to a pre-emption and does not preclude the state from acting under its police powers in the making and enforcement of the state statutes.

As the trial court indicated, there are issues of fact that were not resolved by the affidavits filed by the three defendants. The case should therefore be tried and a record made upon which proper judgments can be based.

*By the Court.*—Judgments reversed. Cause remanded for further proceedings consistent with this opinion.