The STATE of Texas, Appellant,

v.

The SOUTHEAST TEXAS CHAPTER OF NATIONAL ELECTRICAL CONTRACTOR'S ASSOCIATION et al., Appellees.

No. 7430.

Court of Civil Appeals of Texas.

Texarkana.

June 12, 1962.

Rehearing Denied July 3, 1962.

Will Wilson, Atty. Gen., Gordon C. Cass, Asst. Atty. Gen., Austin, Joseph Jaworski, Special Asst. Atty. Gen., Houston, Vernon O. Teofan, Asst. Atty. Gen., Austin, for appellant

Brantley Harris, Butler, Binion, Rice and Cook, Eugene J. Wilson, G. W. McDonald, Combs & Mitchell, Dow Heard, Roberts, Baker, Richards, Elledge & Heard, J. E. Coleman, Fouts, Moore, Williams and Caldwell, Vinson, Elkins, Weems & Searls, LeRoy Jeffers, B. J. Roberts, Jr., Hirsch & Westheimer, W. C. Harvin, Baker, Botts, Shepheard and Coates, Charles E. Kamp, Paul Pomeroy, Jr., Trotter, Cramer and Childs, Houston, for appellees.

DAVIS, Justice.

Plaintiff-appellant, the State of Texas, on June 18, 1959, filed a civil anti-trust suit under Title 126, Arts. 7426–7447, inclusive, Vernon's Ann.Tex.Civ.St., and the Constitution of Texas, seeking (1) equitable relief against the parties; (2) for statutory civil penalties; (3) a permanent injunction; and, (4) for a forfeiture of a corporate charter of the Southeast Texas Chapter of National Electrical Contractor's Association (hereinafter referred to as N.E.C.A.), against N.E.C.A., et al., for certain alleged unlawful operations, conspiracies and practices in restraint of trade committed wholly within Texas.

On January 11, 1960, a Federal Grand Jury of the Southern District of Texas returned a criminal indictment against a number of the defendants in this case, charging them with violations of the Federal anti-trust laws and alleging certain unlawful operations, conspiracies and practices in restraint of trade, and a violation of interstate commerce. The Sherman Act, 15 U.S.C.A. § 1 et seq.; Art. 1, U.S.Const. § 8; Art. VI, U.S.Const. § 2.

Certain defendants in this case filed pleas in abatement to the effect that the Federal criminal indictment was based upon the same alleged unlawful operations, conspiracies, and the same interestate commerce as those alleged in the civil action by Texas. The defendants took the position that the

Sherman Act had preempted the field in which the Texas anti-trust laws operate, and that only the Federal courts had jurisdiction. The trial court, finding that the suit was not properly severable as to the other defendants, sustained the pleas and dismissed the case as to all the defendants, holding that the Texas State Court was without jurisdiction because of the Federal criminal indictment. From the judgment of dismissal, Texas has perfected its appeal.

The appellant takes the position that the trial court erred in dismissing the case because the state court's jurisdiction had not been displaced, superseded, or preempted by the Federal criminal indictment, or the Sherman Act.

The United States, by amicus curiae brief takes the position that the Sherman Act does not preempt the field of regulations of interstate trade and commerce, thereby precluding Texas from exercising jurisdiction over the anti-trust matter, in the exercise of its police power.

Texas bases its case upon allegations of unlawful operations and conspiracies for sale and installed prices of electrical equipment, and such operations constitute a fixed, maintained and increased price in violation of the anti-trust laws of Texas.

The Federal criminal indictment is based upon the same transactions; and, a violation of the interstate commerce laws.

In the civil suit by Texas, the "Houston area" is defined as a "portion of Harris County, and Brazoria and Fort Bend Counties, Texas." It alleged that N.E.C.A. was a trade association and had a charter from Texas.

The Federal indictment defines the "Houston area" as follows:

"As used herein, the term 'Houston area' includes the City of Houston, Texas, and that portion of the State of Texas lying within sixty miles of Houston."

The Federal indictment further alleged:

"From 75 to 90 percent of the electrical equipment sold and installed in the Houston area is manufactured in states other than Texas and is shipped in interstate commerce from said states to the Houston area for sale and installation therein. In 1956 said interstate commerce was in excess of $6,-000,000."

There are no findings of fact or conclusions of law by the trial court. It probably based its decision upon the holding in Commonwealth of Pennsylvania v. Nelson, 350 U.S. 497, 76 S.Ct. 477, 100 L.Ed. 640. Three Justices dissented. Nelson was indicted, tried and convicted of the offense of "sedition" by the State of Pennsylvania. He was also indicted, tried and convicted under a Federal indictment for the same offense and transactions. That case is not in point here.

The Texas anti-trust laws have been upheld as valid and constitutional. 29 Tex. Jur. 747, § 6; 58 C.J.S. Monopolies § 28, p. 998, 36 Am.Jur. 593, Chap. 6.

Texas bases its civil action on conspiracies in restraint of trade committed wholly within the state. 29 Tex.Jur. 768, § 19. The appellees were not indicted by the courts of Texas. 29 Tex.Jur. 778, § 25.

The Federal government may institute criminal or civil proceedings for violations of the Federal anti-trust laws. 58 C.J.S. Monopolies Chap. VIII, § 105, p. 1140. a state may seek civil penalties for violations of state anti-trust laws. 58 C. J.S. Monopolies Chap. IX, § 113, p. 1156.

Neither the Supreme Court of Texas nor the United States Supreme Court has heretofore considered the question of whether a Federal indictment under the Sherman Act is preemptive and excludes Texas from bringing a civil action for an alleged violation of local anti-trust laws. The state court of Wisconsin has held that a Federal action will not affect the right of the state

to prosecute their anti-trust violators. State of Wisconsin v. Allied Chemical & Dye Corporation, 9 Wis.2d 290, 101 N.W.2d 133. The Texas courts and the lower Federal courts have made it clear that the Texas courts can proceed, in anti-trust suits, without reference to a Federal court action, even though the same parties and the same subject matter are involved in both actions. Bergholm v. Peoria Life Ins. Co., Tex.Civ. App., 63 S.W.2d 1064, n.w.h.; Byrd-Frost, Inc. v. Elder, 5 Cir., 93 F.2d 30, 31, 115 A.L.R. 342; Sessions Company v. W. A. Sheaffer Pen Company, Tex.Civ.App., 344 S.W.2d 180, er. ref.

Preemption has always been decided on the basis of whether or not, as applied to this particular case, the State laws are repugnant and in conflict with the Federal law. There have been no final convictions in either case, and both Texas and the Federal government by their pending actions are seeking to examine the lawfulness of the acts of the appellees. The same consideration would be involved and the preemption defense would be available, if no Federal indictment was pending. State of Wisconsin v. Allied Chemical & Dye Corporation, supra.

 We are called upon to decide whether or not Federal laws regulating anti-trust and interstate commerce preempts the field in which the anti-trust laws of Texas operate. This does not seem to be the clear and manifest purpose of Congress. Rice v. Santa Fe Elevator Corporation, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447. The State is entitled to proceed. State of North Carolina v. United States of America, 325 U.S. 507, 65 S.Ct. 1260, 89 L.Ed. 1760; State of Florida v. United States of America, 282 U.S. 194, 51 S.Ct. 119, 75 L.Ed. 291; Napier v. Atlantic Coast Line Railroad Company, 272 U.S. 605, 47 S.Ct. 207, 71 L.Ed. 432. State anti-trust laws are on a different footing from state labor legislation, the sedition laws, and others, that the United States Supreme Court has struck down on preemption grounds. In the anti-trust laws, how-ever, the Sherman and Clayton Acts, exclusive of these exceptions, have been enforced concurrently by the Department of Justice, Federal Trade Commission, the states, and private litigants. The state protection of its own commerce against conspiracies in restraint of trade which also violate interstate commerce, is supplementary to the Federal regulatory scheme. It operates in areas not reached by Federal authority. Compare Commonwealth of Pennsylvania v. Nelson, supra, with Uphaus v. Wyman, 360 U.S. 72, 79 S.Ct. 1040, 3 L.Ed.2d 1090.

The judgment of the trial court is reversed and the case is reinstated for a trial upon its merits.

Reversed and remanded.