STATE EX REL. NORDELL, Relator, v. KINNEY, Circuit Judge, Respondent.

*No. State 45. Argued February 5, 1974.—Decided March 5, 1974.*
(Also reported in 215 N. W. 2d 405.)

For the relator there was a brief by *DeBardeleben & Recka* of Park Falls, and oral argument by *Joseph M. Recka.*

For the respondent there was a brief by *Anich & Peterson Law Offices* of Ashland, and oral argument by *Thomas M. Anich.*

CONNOR T. HANSEN, J.  Action was commenced by the plaintiff against the Duluth Superior Milk Producers' Association and eight ·individuals, as defendants. The plaintiff sought to recover damages allegedly resulting from a conspiracy on the part of the defendants to restrain trade and prevent the sale of Cleary's dairy products in the city of Ashland, Ashland county, and the city of Washburn, Bayfield county.

The plaintiff is a resident of Ashland county. The home office of Duluth Superior Milk Producers' Association is in Douglas county, and one of the defendants

resides in Douglas county. One of the defendants resides in Bayfield county, and the six other defendants are residents of Ashland county.

The plaintiff's complaint alleges that his actual damages exceed $18,000 and that the defendants' actions were in violation of secs. 134.01 and 133.01 (1), Stats., and seeks treble damages, or $54,000, plus costs and reasonable attorneys' fees, pursuant to sec. 133.01 (1).[1]

[1] "133.01 Unlawful contracts; conspiracies. (1) Every contract or combination in the nature of a trust or conspiracy in restraint of trade or commerce is hereby declared illegal. Every combination, conspiracy, trust, pool, agreement or contract intended to restrain or prevent competition in the supply or price of any article or commodity in general use in this state, to be produced or sold therein or constituting a subject of trade or commerce therein, or which combination, conspiracy, trust, pool, agreement or contract shall in any manner control the price of any such article or commodity, fix the price thereof, limit or fix the amount or quantity thereof to be manufactured, mined, produced or sold in this state, or fix any standard or figure in which its price to the public shall be in any manner controlled or established, is hereby declared an illegal restraint of trade. Every person, corporation, copartnership, trustee or association who shall either as principal or agent become a party to any contract, combination, conspiracy, trust, pool or agreement herein declared unlawful or declared to be in restraint of trade, or who shall combine or conspire with any other person, corporation, copartnership, association or trustee to monopolize or attempt to monopolize any part of the trade or commerce in this state shall forfeit for each such offense not less than $100 nor more than $5,000. Any such person, corporation, copartnership, trustee or association shall also be liable to any person transacting or doing business in this state for threefold the damages he may sustain by reason of the doing of anything forbidden by this section, and the cost of suit including a reasonable attorney's fee. As used in this section, the words 'article or commodity in general use in this state' includes newspapers, magazines, periodicals, and advertising, including radio advertising. Nothing in this section or section 133.21 shall be construed as abridging the liberty of speech or of the press guaranteed by article I, section 3, of the constitution.

"(2) The department of justice shall enforce this section and bring an action for the recovery of the forfeiture whenever com-

The defendants contend that the complaint alleges a violation of sec. 134.01, Stats., that the plaintiff seeks treble damages pursuant to sec. 133.01 (1), and that the alleged actions of the defendants took place in Ashland and Bayfield counties. Therefore, argued the defendants, sec. 261.01 (2) (b),[2] is applicable in determining the proper venue. This statute provides that the proper venue for civil actions for recovery of a penalty or forfeiture imposed by statute is where the cause of action arises. The trial court determined that sec. 261.01 (2) (b) was applicable, and changed the place of trial from Douglas county to Ashland county.

The plaintiff, in effect, argues that his action does not seek recovery pursuant to sec. 133.01 (1), Stats., but, rather is a common-law action for conspiracy in restraint of trade. The plaintiff also contends that private parties cannot bring a civil action under sec. 133.01 because sub.

plaint is made to the attorney general and evidence produced to his satisfaction that there has been a violation. Any district attorney shall institute such actions or proceedings as the attorney general deems necessary to recover any forfeiture incurred on account of the violation of this chapter. A representative of the department of justice designated by the attorney general may appear as counsel in any such case.

"(3) Whoever violates sub. (1) may be fined not more than $5,000 or imprisoned not more than 5 years or both."

[2] "261.01 **Place of trial.** Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows:

"(1) . . .

"(2) WHERE CAUSE OF ACTION ARISES. Of an action within either of the two classes next following the county where the cause or some part thereof arose, viz.: (a) Except as provided in subsection (9), against a public officer or person appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command, or in his aid, shall do anything touching the duties of such officer. (b) For the recovery of a penalty or forfeiture imposed by statute; and when the cause arose where two or more counties have a common jurisdiction, under sections 2.03 and 2.04, the action may be brought in either county."

(2) provides that this particular section is to be enforced by the department of justice.

The provisions of sec. 133.01, Stats., were recently considered in *John Mohr & Sons, Inc. v. Jahnke* (1972), 55 Wis. 2d 402, 198 N. W. 2d 363. In *Jahnke* it was stated that this court has long taken the view that a statute creating a cause of action *for treble damages* is punitive in nature, to the extent that damages above actual damages are recovered, and indicated the provision for treble damages is to encourage private enforcement of the statute.

In *Jahnke, supra,* page 412, it was stated:

". . . In sec. 133.01, Stats., there is provided treble damages, forfeitures, and substantial fines or imprisonment. These remedies completely cover the field of both civil, criminal and quasi-criminal relief for the acts statutorily declared illegal. . . ."

When a statute such as sec. 133.01, Stats., creates a cause of action and provides the remedy, the remedy is exclusive. The plaintiff's complaint reflects that his cause of action is brought under sec. 133.01 and that he seeks to recover under this section. The complaint alleges wrongful acts such as malicious picketing of stores selling plaintiff's dairy products ". . . in violation of sec. 134.01, Wisconsin Statutes, 1969. . . ." Also, it is alleged that defendant's actions were ". . . intended to restrain and prevent competition in the supply of dairy products . . . in violation of sec. 133.01 (1), Wisconsin Statutes, 1969, all to the plaintiff's damages in an amount exceeding $18,000." The plaintiff's argument that he primarily sought to recover for conspiracy in restraint of trade and that only secondarily, or incidentally, did he seek relief under these statutory provisions, is unpersuasive.

Also, we find no substance to the plaintiff's contention that this is a civil action and that the enforcement provisions of sec. 133.01, Stats., are wholly within the province

of the department of justice. Surely the attorney general may commence action to enforce some of the provisions of the statute, as was the case in *State v. Allied Chemical & Dye Corp.* (1960), 9 Wis. 2d 290, 101 N. W. 2d 133. However, in *John Mohr & Sons, Inc. v. Jahnke, supra,* treble damages were recovered in a civil action pursuant to sec. 133.01.

In *Reese v. Associated Hospital Service* (1970), 45 Wis. 2d 526, 532, 173 N. W. 2d 661, it was explained as follows:

"Sec. 133.01, Stats., has been held by this court to be a reenactment of the first two sections of the federal Sherman Antitrust Act, with application to intrastate as distinguished from interstate transactions, with its construction to be ruled by federal decisions construing the federal statute. . . ."

See also: *John Mohr & Sons, Inc. v. Jahnke, supra,* page 410; *State v. Lewis and Leidersdorf Co.* (1930), 201 Wis. 543, 549, 230 N. W. 692; *Pulp Wood Co. v. Green Bay Paper & Fiber Co.* (1914), 157 Wis. 604, 147 N. W. 1058.

Our attention has been directed to authorities from other jurisdictions. In view of the specific venue provisions of *sec. 261.01 (2) (b), Stats.,* we do not find them persuasive. There are no special venue provisions for actions commenced under ch. 133. Sec. 261.01 (2) (b) provides that in actions "[f]or the recovery of a penalty or forfeiture imposed by statute," the proper venue is where the cause of action arises, in this case Ashland or Bayfield county. The place of trial was properly changed to Ashland county.

*By the Court.*—Order affirmed.