**James A. HAUER et al., Plaintiffs,**

v.

**BANKERS TRUST NEW YORK CORPO-
RATION et al., Defendants.**

**No. 74–C–146.**

United States District Court,
E. D. Wisconsin.

Dec. 11, 1974.

James A. Hauer, James A. Hemmer, Paul E. Schwemer, Milwaukee, Wis., for plaintiffs.

Foley & Lardner by David E. Beckwith, Robert A. Christensen, Milwaukee, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have filed several motions, pursuant to Rules 12(b)(6), 12(b)(7), 12(e), 19 and 23, Federal Rules of Civil Procedure, directed toward claimed defects in the plaintiff's amended complaint. One of the defendants' motions under Rule 12(b)(6) is grounded on the proposition that the plaintiff lacks the capacity or standing to assert any of the claims of the amended complaint. I conclude that such motion should be treated as a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and should be granted. Because of the disposition of the latter motion, the other motions need not be resolved.

The complaint asserts claims arising under both state and federal law. The complaint's allegations as to state law relate to breach of contract, breach of fiduciary duty, common law fraud, common law conspiracy, violation of the Wisconsin and New York usury laws, and violation of Wisconsin antitrust statutes. The federal claims are based upon alleged violations of the Sherman Act, 15 U.S.C. §§ 1, 2 (1970), the Clayton Act, 15 U.S.C. §§ 12, 15, 22 and the usury proscription of the federal laws relating to national banks, 12 U.S.C. § 85.

According to ¶ 1.06 of the amended complaint, James A. Hauer brings this action on his own behalf, on behalf of Professional Investors Syndicate by virtue of his membership in that Wisconsin partnership and on behalf of Prem, Inc. "as one of its shareholders." The undisputed facts, however, establish that Mr. Hauer does not really make any claim individually nor does he sue on behalf of Prem as a shareholder thereof. At page 2 of the plaintiff's brief in opposition to the defendants' motions, Mr. Hauer concedes that Professional Investors "is the sole shareholder of PREM, INC.," while at page 4 of his brief the plaintiff states that Mr. Hauer "has not asserted a claim in his own behalf  .  .  .  ." Thus, at best, Mr. Hauer asserts each claim on behalf of Professional Investors derivatively as a partner thereof or on behalf of Prem through Professional Investors.

Because Mr. Hauer would be unable to assert a derivative action on behalf of Prem if he lacks capacity to assert the rights of Professional Investors, the central issue presented is whether Mr. Hauer can sue on behalf of Professional Investors even, assuming for purposes of Rule 56, that he is a Professional Investors partner. I conclude that Wisconsin law regarding capacity to sue derivatively on behalf of a partnership is applicable not only with respect to claims grounded in state law but also to those claims arising under federal law. I further conclude that Mr. Hauer lacks the capacity under Wisconsin law derivatively to assert the claims of Professional Investors.

The first question to be resolved is whether state or federal law should be applied to the question of Mr. Hauer's capacity to sue derivatively on behalf of a partnership. Both parties to some extent seek the answer from the wording of Rule 23.1, Federal Rules of Civil Procedure.

Reliance on Rule 23.1 is misplaced. While explaining the reach of Rule 23, a predecessor of Rule 23.1, the Supreme Court in Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), rejected the notion that the rule

"deals with the plaintiff's right to maintain [a shareholder's derivative

suit] in federal court and that therefore the subject is recognized as procedural and the federal rule alone prevails." 337 U.S. at 556, 69 S.Ct. at 1230.

■ I note that insofar as Mr. Hauer asserts state claims on behalf of Professional Investors and Prem, jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332 (1970). Thus, the doctrine announced in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is applicable to guide the choice between state and federal law in view of the absence of a pertinent federal rule. See Hanna v. Plumer, 380 U.S. 460, 469–470, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).

■ In my opinion, application of the *Erie* doctrine requires me to employ Wisconsin law to determine whether Mr. Hauer has the capacity to assert a derivative claim on behalf of Professional Investors. Cf. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). See also Rule 17(b), Federal Rules of Civil Procedure.

■ *Erie,* however, is germane only to the extent that state law claims are asserted and jurisdiction is thus based on diversity of citizenship. The question whether Mr. Hauer has the capacity to pursue claims based on federal law on behalf of Professional Investors and Prem is one within federal competence. Klebanow v. New York Produce Exchange, 344 F.2d 294, 296 (2d Cir. 1965). I conclude, nevertheless, that federal law should look to the law of the state creating the entity on whose behalf a derivative claim is asserted— in this case the law of Wisconsin.

Several reasons support utilization of Wisconsin law to resolve the issue of whether Mr. Hauer can derivatively assert claims arising under the federal antitrust and banking laws on behalf of the partnership of which he is a member.

A state has a strong interest in deciding who may assert the rights of a partnership, which is wholly a creature of the state. In reaching the conclusion that "the state has plenary power over [shareholder's derivative suits]," the United States Supreme Court in Cohen v. Beneficial Industrial Loan Corp., *supra,* made the following observations, which I believe are also pertinent to partnerships and to derivative suits on their behalf:

"Whatever theory one may hold as to the nature of the corporate entity, it remains a wholly artificial creation whose internal relations between management and stockholders are dependent upon state law and may be subject to most complete and penetrating regulation, either by public authority or by some form of stockholder action." 337 U.S. at 549, 69 S.Ct. at 1227.

■ I perceive no interest in uniformity arising from the policies behind the federal antitrust and banking laws allegedly violated in this case which would warrant bypassing the existing state law regarding who may assert partnership claims. Reference to state law to resolve a question bearing on federal rights is especially appropriate in view of the absence of federal law on the subject of partnerships. Cf. De Sylva v. Ballentine, 351 U.S. 570, 580–581, 76 S.Ct. 974, 100 L.Ed. 1415 (1956).

■■ Ordinarily, under state law, a partner cannot sue derivatively on behalf of a partnership. See Coast v. Hunt Oil Co., 195 F.2d 870 (5th Cir. 1952). There are limited exceptions involving circumstances not present in this case; see, e. g., Klebanow v. New York Produce Exchange, 344 F.2d 294 (2d Cir. 1965). Thus, to create federal law permitting the maintenance of a partner's derivative suit might involve "the drastic sort of judicial legislation" disapproved by the Supreme Court in United Automobile, Aerospace & Agricultural Implement Workers of America v. Hoosier Cardinal Corp., 383 U.S. 696, 703, 86 S.Ct. 1107, 1111, 16 L.Ed.2d 192 (1966).

In view of the foregoing and because both Professional Investors and Prem are Wisconsin entities, Wisconsin law governs the question whether the plaintiff can assert the federal as well as the state claims alleged on behalf of Professional Investors and Prem. I propose, therefore, to comment upon Wisconsin law on the subject of a partner's derivative suit.

The undisputed facts establish that, assuming Mr. Hauer to be a partner of Professional Investors, he is both a limited and general partner within the meaning of Wis.Stat. § 179.12 (1971); the Professional Investors partnership agreement, attached as exhibit A to the defendants' motion to dismiss the original complaint, places the control of the partnership in Mr. Hauer, Norman J. Wachtl and Daniel E. Kuhn. Thus, pursuant to § 179.12(2), Mr. Hauer retains "all the rights and powers and [is] subject to all the restrictions of a general partner . . . ."

A general partner's right is "subject to any agreement" among the partners. Wis.Stats. § 178.15 (1971). The Professional Investor's partnership agreement states at ¶ 8(c):

> "A majority of the managing partners shall be authorized and empowered to determine all questions relating to the conduct and management of the partnership business, and the determination of a majority of the managing partners on any such question . . . shall be binding on all partners."

In my opinion, this language is broad enough to include the making of a decision whether to seek redress of alleged legal wrongs in a lawsuit.

The amended complaint and the affidavits of Norman Wachtl and Daniel Kuhn establish that the majority of the managing partners of Professional Investors do not wish to pursue the claims in the amended complaint. Accordingly, if Mr. Hauer is to be accorded the right to sue, it will have to be found in other provisions of Wisconsin part-nership law, Wis.Stat. ch. 178, or in Wisconsin case law.

Unlike Wis.Stat. § 180.405 (1971) [authorizing shareholder's derivative suits], there is no provision in Wis.Stat. ch. 178 which permits a partner to sue derivatively on behalf of a partnership. Furthermore, no Wisconsin supreme court decision has been found which permits a partner to defy the will of the majority of the managing partners by bringing a derivative suit.

Thus, because Mr. Hauer lacks the capacity to assert any of the claims of the amended complaint on behalf of either Professional Investors or Prem, the defendants' motion for summary judgment should be granted.

Therefore, it is ordered that the defendants' motion for summary judgment, to the extent it is based on the plaintiff's lack of capacity to assert derivative claims on behalf of Professional Investors and Prem, be and hereby is granted.

It is also ordered that the plaintiff's action be and hereby is dismissed without prejudice.