James A. HAUER et al., Plaintiffs,

v.

BANKERS TRUST NEW YORK CORPO-
RATION et al., Defendants.

No. 76–C–372.

United States District Court,
E. D. Wisconsin.

Jan. 27, 1977.

James A. Hauer, pro se.

Foley & Lardner, by Robert A. Christensen, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved pursuant to Rules 8(e)(1) and 12(f), Federal Rules of Civil procedure, to strike portions of the complaint in this action, pursuant to Rule 12(e) for a more definite statement as to other portions of the complaint, and pursuant to rules 12(b)(6) and 23(a) to dismiss each of the eleven counts of the complaint, some on several grounds. I believe that some of these motions should be granted and others denied.

This action arises out of the development of a project known as the Scotsland shopping center. One of the plaintiffs, James A. Hauer (Hauer), was involved in the development of the project until mid-1973, at which time he alleges he was wrongfully ousted from participation by the defendants. The plaintiffs E. Gibes Distributing Co., Inc. (Gibes), and John D. Martin (Martin) were lessees of space in the shopping center. Gibes and Martin purport to assert claims on their own behalf, and on behalf of "subclass members" who had supplied products, labor, services, or materials for the project, or who had leased space in the project.

## I. RES ADJUDICATA

The defendants have moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss counts IV, V, VI, VII, and IX for failure to state a claim upon which relief can be granted. Specifically, the defendants assert that these counts are barred by *res adjudicata* in that it has been previously determined that the plaintiff Hauer may not assert the claims stated therein. See *Hauer v. Bankers Trust New*

*York Corporation*, civil action 74–C–146, 65 F.R.D. 1 (E.D.Wis., decision and order December 11, 1974).

In these five counts, the plaintiff Hauer, on behalf of Milwaukee Management Services (MMS), Prem, Inc. (PREM), and Professional Investors Syndicate (Professional), asserts various derivative claims for alleged injuries to those three entities. This court determined in civil action 74–C–146 that the plaintiff Hauer lacked standing to assert the claims of these business organizations. The plaintiffs' brief does not attempt to distinguish the claims asserted in the instant action from those alleged in that prior action, but only argues that because certain evidence was not before the court in civil action 74–C–146, 65 F.R.D. 1, the order of December 11, 1974, was incorrect. The plaintiff was free, pursuant to Rule 60(b), Federal Rules of Civil Procedure, to move for modification of that order on the basis of fraud or newly discovered evidence within one year or to institute an independent action to set aside the judgment for fraud upon the court after one year had passed. He has done neither, and in these circumstances I find the claims of counts IV, V, VI, VII, and IX are barred by *res adjudicata*. Accordingly, the motion to dismiss these counts will be granted.

## II. CONDUCT NOT AIMED AT HAUER PERSONALLY

The defendants have moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss counts I, II, and III for failure to state a claim upon which relief can be granted. These three counts allege causes of action on the part of the plaintiff Hauer for intentional infliction of emotional distress, tortious interference with business relationships, and violation of the Sherman Antitrust Act, 15 U.S.C. § 1 et seq.

■ The defendants contend first that the allegations of counts IV through VII and of count IX "make it clear that the conduct of which plaintiffs complain, if it occurred at all, was directed at business entities . . . and not plaintiffs individually." The alleged inconsistency between the claims of these two sets of counts in the complaint is not a valid ground for a motion to dismiss. Rule 8(e)(2), Federal Rules of Civil Procedure, explicitly permits a party to "state as many separate claims or defenses as he has *regardless of consistency.*"

■ The defendants also contend that the claims set forth in counts I through III are incredible. They assert that "it is patently incredible that a bank in New York would, among others, make a loan of the magnitude involved here, would stop construction on a project of the magnitude involved here, and would run the risk of losses involved here, with the intent and purpose of causing injury to Mr. Hauer personally." However, the defendants do not deny that these counts of the complaint allege that the defendant's actions were directed against the plaintiff Hauer, and for the purpose of this motion, the factual allegations of the complaint must be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

For the above reasons, the motion to dismiss counts I, II, and III of the complaint in this action will be denied.

## III. THREE–YEAR STATUTE OF LIMITATIONS

The defendants have moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss counts I and II, on the ground that the claims alleged have not been brought within the time provided by the appropriate statute of limitations, section 893.205(1), Wis.Stats. That statute establishes a period of three years for the commencement of actions to recover damages for injuries to the person, and the parties are agreed that it is applicable to the plaintiff Hauer's claims for intentional infliction of emotional distress.

■ This action was commenced by the filing of the complaint on May 28, 1976, so the issue is whether the plaintiff's causes of action in these counts accrued before or

after May 28, 1973. The defendants note that the complaint alleges numerous acts on their part prior to that date, but I am unable to find from the pleadings that a cause of action had accrued before May 28, 1973. Both the instigating act and the resulting injury must occur for a cause of action to accrue. *Holifield v. Setco Industries, Inc.*, 42 Wis.2d 750, 754, 168 N.W.2d 177 (1969). The complaint contains numerous allegations of injuries to the plaintiff Hauer occurring during June, 1973, and I am unable to find any which are identified as having occurred prior to the cutoff date.

Accordingly, the motion to dismiss counts I and II will be denied.

## IV. TWO–YEAR STATUTE OF LIMITATIONS

The defendants have moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss counts VI and XI on the ground that the claims alleged have not been brought within the time provided by the applicable statute of limitations, section 893.21(1), Wis.Stats. That statute establishes a period of two years for the commencement of actions for statutory penalties or forfeitures.

■ Count VI asserts a claim for violation of sections 133.01 and 134.01, Wis. Stats., on behalf of the plaintiff Hauer. These are the Wisconsin antitrust and conspiracy in restraint of business statutes. Count XI asserts a similar claim by the plaintiffs Gibes and Martin, allegedly on behalf of the "subclass members." Section 133.01 provides the exclusive remedy for violations of both statutes. *State ex rel. Nordell v. Kinney*, 62 Wis.2d 558, 215 N.W.2d 405 (1974). Federal antitrust claims were governed by the predecessor statute to section 893.21(1), section 330.-21(1). *Baldwin v. Loew's, Inc.*, 312 F.2d 387 (7th Cir. 1963). The plaintiffs have suggested no reason why similar state antitrust claims are not barred by the present statute nor do they deny that this action was not brought within two years. The plaintiffs' suggestion that they could replead to allege a common law cause of action for conspiracy in restraint of trade is precluded by *State ex rel. Kinney, supra.*

For the above reasons, the motion to dismiss counts VI and XI will be granted.

## V. LACK OF STANDING

The defendants have moved pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, to dismiss counts III, VIII, X, and XI on the ground that "the members of the alleged class are shown not to be persons entitled to rely upon the violations of law alleged as a basis for relief." Count III asserts a claim by the plaintiff Hauer for violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Count VIII asserts a claim by the plaintiffs Gibes and Martin, allegedly on behalf of the "subclass members," for violation of the same statute. The latter plaintiffs, again on behalf of "subclass members," allege in count X a claim for damages resulting from the fraudulently induced breach of a contract between PREM and the defendant Sackman-Gilliland Corporation. Count XI alleges a claim by the same plaintiffs for violations of sections 133.01 and 134.01, Wis.Stats.

The defendants' motion, as far as it relates to count III, assumes that the antitrust conspiracy alleged by the plaintiff Hauer was directed against the corporate and partnership entities MMS, Professional, and PREM, rather than against the business activities of Hauer himself. In view of the discussion in section II of this decision, above, the motion will be denied as to count III.

■ The motion to dismiss counts VIII and XI asserts that the allegations of the complaint show that the plaintiffs Gibes and Martin and the "subclass members" were lessees, suppliers, or creditors of PREM. These two counts assert that these parties are entitled to damages for injuries resulting from the defendants' antitrust conspiracy against PREM. There are no allegations that any activities were directed against these parties, or against the trades in which they were engaged. Count VIII merely alleges in conclusory terms that

these parties were in the "target area of the illegal acts of defendants" and that they were financially injured "as a direct result of the restraint of trade" engaged in by the defendants. Count XI contains the conclusory allegation that the defendants "restrained GIBES and MARTIN and all SUBCLASS MEMBERS in trade and commerce."

It is apparent from the complaint and from the plaintiffs' brief that the plaintiffs allege a conspiracy on the part of the defendants financially to destroy Hauer and PREM and to take over ownership and management of the Scotsland development, and that as a result of the financial difficulties of those targets of the conspiracy, Gibes, Martin, and others having business relationships with PREM suffered financial losses. The United States Supreme Court noted in *Hawaii v. Standard Oil Co.*, 405 U.S. 251, 263, n. 14, 92 S.Ct. 885, 891, 31 L.Ed.2d 184 (1972):

> "The lower courts have been virtually unanimous in concluding that Congress did not intend the antitrust laws to provide a remedy in damages for all injuries that might conceivably be traced to an antitrust violation."

The plaintiffs rely on the following statement from *Conference of Studio Unions v. Loew's Inc.*, 193 F.2d 51, 54–55 (9th Cir. 1951), cert. denied 342 U.S. 919, 72 S.Ct. 367, 96 L.Ed. 687 (1952):

> "[I]n order to state a cause of action under the anti-trust laws a plaintiff must show more than that one purpose of the conspiracy was a restraint of trade and that an act has been committed which harms him. He must show that he is within that area of the economy which is endangered by a breakdown of competitive conditions in a particular industry. Otherwise he is not injured "by reason" of anything forbidden in the anti-trust laws."

In the *Conference* case, judgment on the pleadings was granted to the defendants. I do not believe that the plaintiffs have shown in counts VIII and XI of this action, any more than did the plaintiffs in *Confer-*ence, that they are within the requisite area of the economy for monetary relief under the antitrust laws. Accordingly, the motion to dismiss will be granted as to counts VIII and XI.

Count X, to which this motion of the defendants is also addressed, asserts that Gibes, Martin and "subclass members" were injured as a result of the nonperformance of a contract between PREM and the defendant Sackman-Gilliland Corporation, which nonperformance was induced by the defendants. There are no allegations supporting any rights of these parties plaintiff to have the contract between other parties performed, such as allegations of assignment rights or rights as third-party beneficiaries, and the plaintiffs' brief is unresponsive to the defendants' assertion that the plaintiffs lack standing to present the claim found in count X. Accordingly, the motion to dismiss count X will be granted.

### VI. IMPROPER CLASS ACTION

The defendants have moved pursuant to Rule 23(a)(3) and (4), Federal Rules of Civil Procedure, to dismiss counts VI, VIII, X, and XI on the ground that each of those counts purports to be brought on behalf of a class and that class action status is inappropriate. Rule 23 does not suggest that a cause of action containing class action allegations should or even could be dismissed simply because it cannot properly proceed as a class action. However, it is unnecessary to resolve this issue in view of the fact that each of the counts involved in this motion must be dismissed on other grounds discussed above. Therefore, this motion will be dismissed as moot.

### VII. MOTION TO STRIKE

The defendants have moved to strike paragraphs 5.01 through 8.00 of the complaint on the grounds that those paragraphs are prolix, repetitive, redundant, immaterial, impertinent and studded with scandalous allegations. Motions to strike are not favored. Matter will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation.

*Warner & Swasey Company v. Held*, 256 F.Supp. 303 (E.D.Wis.1966). I cannot say, at this stage of the proceedings, that it is clear that these allegations are irrelevant to the litigation. See *Van Dyke Ford, Inc. v. Ford Motor Company*, 399 F.Supp. 277, 284 (E.D.Wis.1975). Nor do I find them scandalous or prejudicial to the defendants.

The defendants argue in their brief that while they are able to ascertain the basic theories upon which the plaintiffs rely, they are "unable to ascertain how the allegations contained in paragraphs 5.01–8.00 are intended to support each of the claimed heads of liability." The forty paragraphs in question, some with several subparts, are incorporated by reference into each of the eleven counts of the indictment. The repetition of this mass of allegations in support of eleven varied claims for relief, some on behalf of different injured parties, has resulted in a complaint which is confusing rather than "simple, concise, and direct," as required by Rule 8(e)(1), Federal Rules of Civil Procedure.

However, in view of all of the above circumstances, I do not believe that paragraphs 5.01 through 8.00 should be stricken. Instead, the plaintiff Hauer will be directed to replead those allegations relevant to counts I, II, and III, and in doing so, to indicate which allegations relate to each of those claims for relief. Accordingly, the motion to strike will be denied.

## VIII.  MOTION FOR MORE DEFINITE STATEMENT

The defendants have moved for an order requiring a more definite statement with respect to paragraphs 3.01 through 3.21 of the complaint, which contain allegations relating to Gibes, Martin, and "subclass members." The basis for the motion is that those paragraphs do not state "in what way, if at all, plaintiff or members of the alleged class described therein have been injured by the conduct alleged."

In view of the dismissal of each of the counts relating in any way to Gibes, Martin, and "subclass members," I find that it is unnecessary to require a more definite statement of this portion of the complaint. Therefore, the motion for a more definite statement will be dismissed as moot.

## IX.  CONCLUSION

Therefore, IT IS ORDERED that the defendants' motion to dismiss counts IV, V, VI, VII, and IX be and hereby is granted.

IT IS ALSO ORDERED that the defendants' motion to dismiss counts I, II, and III be and hereby is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss counts I and II be and hereby is denied.

IT IS FURTHER ORDERED that the defendants' motion to dismiss counts VI and XI be and hereby is granted.

IT IS FURTHER ORDERED that the defendants' motion to dismiss counts III, VIII, X, and XI be and hereby is granted as to counts VIII, X, and XI and denied as to count III.

IT IS FURTHER ORDERED that the defendants' motion to dismiss counts VI, VIII, X, and XI be and hereby is dismissed as moot.

IT IS FURTHER ORDERED that the defendants' motion to strike be and hereby is denied. The plaintiff Hauer is hereby directed to replead those allegations which are relevant to the claims of counts I, II, and III of the complaint, and in doing so, to indicate which allegations relate to each of those claims for relief. The amended complaint should be served and filed within 20 days of the date of this order.

IT IS FURTHER ORDERED that the defendants' motion for a more definite statement be and hereby is dismissed as moot.