Joyce ELBE, Plaintiff,

v.

The WAUSAU HOSPITAL CENTER, Sandra Roe, Ronald Fought and other Unnamed, Unknown Co-Conspirators, Defendants.

Karen HENSCHEL, Plaintiff,

v.

The WAUSAU HOSPITAL CENTER, Terence O'Rourke, John Olinger, Thomas Killian, Phil Aulwes, Mark Laurent and Peter Menor, Defendant.

Nos. 84–C–443, 84–C–468.

United States District Court,
W.D. Wisconsin.

April 22, 1985.

Michael R. Fox and Terence S. Hawkins, Fox Law Offices, S.C., Madison, Wis., for plaintiffs.

Peter L. Hessert, Tinkham, Smith, Bliss, Patterson, Richards & Hessert, Wausau, Wis., for defendants.

CRABB, Chief Judge.

These cases are before the court in a somewhat complicated posture. Defendants have moved to dismiss the complaints for failure to state a claim or for summary judgment. For the most part, defendants raise legal issues concerning whether the facts alleged by plaintiffs fail to state a claim upon which relief can be granted. With respect to plaintiff Henschel's age discrimination claim, defendants also contend that they are entitled to summary judgment on the undisputed facts. Defendants have submitted matters outside the pleading in support of their motion.

With respect to plaintiff Henschel's age discrimination claim I will consider those factual matters, and thus I will treat defendants' motion with respect to that claim as a motion for summary judgment. *See* Rule 12(b) of the Federal Rules of Civil Procedure.[1] With respect to plaintiff Henschel's other claims and plaintiff Elbe's claims, I will not consider the factual material presented by defendants and will treat the motions as motions to dismiss for failure to state a claim under Rule 12(b)(6).

Plaintiffs have submitted motions for leave to amend their complaints and have attached proposed amended complaints. In response, defendants have suggested that because the issues raised in their motions are potentially dispositive, I should first rule on their motions before addressing plaintiffs' motions to amend. However, certain allegations in the amended complaints are relevant to asserted pleading deficiencies in the original complaints. Moreover, many of the legal issues raised by defendants apply with equal force to the original and amended complaints. Defendants do not raise any other arguments in opposition to plaintiffs' motions for leave to amend the complaints, and under Rule 15(a), leave to amend is to be "freely given when justice so requires." Therefore, I will grant plaintiffs' motions for leave to amend the complaints, with certain exceptions that will be noted.

Because several of the legal issues raised by defendants are common to both cases, I will deal with both cases together. I do not express any opinion as to whether these cases should be consolidated for pretrial purposes or at trial.

There is jurisdiction over plaintiffs' claims under 29 U.S.C. § 626(c) and 28 U.S.C. § 1343. There is also diversity jurisdiction over plaintiff Henschel's state law claims under 28 U.S.C. § 1332, while plaintiff Elbe alleges pendent jurisdiction over her state law claims.

Accepting the allegations of plaintiffs' amended complaints as true for the purpose of ruling on defendants' motions to dismiss, I find the following facts.

## FACTS

Plaintiff Elbe was born on December 22, 1940. At all times relevant to this case she was over the age of 40. Plaintiff Elbe has been employed by defendant Wausau Hospital Center since August 22, 1962.

Plaintiff Henschel was employed by defendant Wausau Hospital Center as a radiologic technologist starting in June, 1974 and continuing through March 8, 1982, at which time her employment was terminated by defendant Wausau Hospital Center.

In June, 1981, a full-time registered nurse's position became available in defendant Wausau Hospital Center's emergency room. Plaintiff Elbe applied for the position, was qualified for promotion to the position, but did not receive it. The person who received promotion to the position was under the age of 40.

On September 23, 1981, plaintiff Elbe filed a charge with the State of Wisconsin Equal Rights Division, charge no. 81–03887, alleging that defendant Wausau Hospital Center had discriminated against her on the basis of her age by denying her the registered nurse position. This charge was also filed with the United States Equal Employment Opportunity Commission.

In response to plaintiff Elbe's filing of the age discrimination charge, defendants Fought and Roe formed a conspiracy to discriminate against persons over the age of 40 and to intimidate witnesses in the proceedings on Elbe's age discrimination charge.

On October 1, 1981, Rosemary Walden, a nurse employed by defendant Wausau Hospital Center, filed a complaint with the Equal Rights Division of the Department of Industry, Labor, and Human Relations against defendant Wausau Hospital Center alleging that she was discriminated against on the basis of her sex and age with regard

---

**1.** Plaintiff Henschel has been given an adequate opportunity, including an extension of time, in which to present factual material in opposition to the motion.

to a position as a diagnostic radiology technologist.

Defendants O'Rourke, Killian, Aulwes, Olinger, Laurent, and Menor became aware of the complaints of both Elbe and Walden shortly after they were filed with the Equal Rights Division. On or before February 1, 1982, these defendants learned that plaintiff Henschel had been identified as a witness on behalf of Rosemary Walden in connection with Walden's complaint with the Equal Rights Division. At some time before February 24, 1982, these defendants learned that plaintiff Henschel had been identified as a witness on behalf of plaintiff Elbe in connection with plaintiff Elbe's age discrimination charge.[2]

In response to the identification of plaintiff Henschel as a witness on behalf of plaintiff Elbe, defendants O'Rourke, Killian, Aulwes, Olinger, Laurent, and Menor formed a conspiracy to intimidate, harass or retaliate against witnesses testifying on behalf of Rosemary Walden and plaintiff Elbe in connection with their discrimination complaints.

Subsequent to the filing of the Elbe and Walden complaints and the initial determination that plaintiff Henschel was a witness for Rosemary Walden, defendant Laurent, with the knowing assistance of the other individual defendants, solicited from other employees information critical of or damaging to plaintiff Henschel with the illegal purpose of using that information to retaliate against her for her participation in Equal Rights Division proceedings and to deter her from rendering further assistance to Walden or Elbe. This solicitation included a series of meetings held between February 24 and March 1, 1982, with former radiologic technology students who had interned or worked in the hospital's radiology department. In those meetings, defendant Laurent attempted to secure complaints with regard to the work performance of plaintiff Henschel and two other women who had been identified as witnesses for Walden and plaintiff Elbe. Although the students complained about other hospital employees who had not been named as witnesses, no action was taken against these employees.

On or about March 4, 1982, pursuant to the common plan of the conspiracy, defendants Laurent, Killian, and Menor met with plaintiff Henschel and two other women identified as witnesses in the Elbe and Walden cases. The purpose of this meeting was to discuss with the witnesses the criticisms which Laurent had solicited.

In the meeting of March 4, 1982, plaintiff Henschel, alone among the three witnesses, defended her job performance. On March 4, 1982, defendant Laurent met with defendant Olinger and the other individual defendants, at which time he recommended that plaintiff Henschel, but not the other witnesses, be disciplined.

On or about March 8, 1982, plaintiff Henschel was terminated from her employment with the Wausau Hospital Center. Her termination was effected without following the hospital's written disciplinary procedures, which provided for "step" or "progressive" discipline in all but the most egregious cases of misconduct. The "step" or "progressive" disciplinary policy had been followed in the cases of all male employees subjected to discipline.

Plaintiff Henschel has complied with 29 U.S.C. § 626(d) and 29 U.S.C. § 633(b), which require that a plaintiff must file a notice of intent to sue with the Equal Employment Opportunity Commission and with state equal employment agencies at least sixty days before filing suit and no more than three hundred days after the alleged unlawful practice occurred.

Pursuant to their conspiracy, on or about September, 1982, defendants Fought, Roe, and the unnamed defendants participated in making a decision to reduce plaintiff Elbe's working hours in retaliation for her filing of the age discrimination charge.

Subsequent to the reduction in plaintiff Elbe's hours, a position as head nurse of Wausau Hospital Center's out-patient surgery department opened. Plaintiff Elbe applied for the head nurse position for

---

2. This is not expressly alleged in the original or amended complaint, but is clearly implied.

which she was qualified. Elbe was denied promotion to the head nurse position, and the position was given to a person under the age of 40. Elbe was more qualified than the person who was selected for the position and she met all of the minimum qualifications for that position.

As a result of having been denied the out-patient surgery position, plaintiff Elbe filed an additional charge of discrimination with the State Equal Rights Division, charge no. 83–00773, on April 25, 1983.

Defendants Roe, Fought, and the unnamed defendants became aware of this second discrimination charge soon after it was filed. Pursuant to the common agreement of the conspiracy described above, defendant Roe, plaintiff Elbe's immediate supervisor, embarked on a campaign of harassment directed to the plaintiff, which harassment took the form of groundless complaints about Elbe's work performance and supervision far closer, and criticism more exacting than that visited on any of Roe's other subordinates. As a result of the wrongful acts described above, the plaintiff suffered a loss of wages, a loss of career opportunity, pain and suffering, humiliation, embarrassment, and severe emotional distress. The campaign of harassment described above continues to the present time.

On August 10, 1983, the Equal Rights Division rendered a decision in plaintiff Henschel's favor, finding that she had been discharged as a result of retaliatory efforts on the part of defendant Wausau Hospital Center and its employees and that her discharge had been accomplished by discriminating against her on the basis of her sex.

On August 12, 1983, defendant O'Rourke made a statement to Janine Friend, a reporter for the Wausau Daily Herald, stating in reference to plaintiff Henschel that "We don't think it is appropriate to have people in our employment who don't share our concern for patient safety," said statement being published in an article which appeared in the Wausau Daily Herald. That statement expressed the conclusion that plaintiff Henschel, a health care professional, had no concern for the safety of the patients for whom she was responsible. The statement described above cast plaintiff Henschel in a false and damaging light, and was made with actual malice in that defendant O'Rourke knew that the statement was false, or made the statement with reckless disregard for its truth or falsity.

Prior to filing her amended complaint, plaintiff Henschel served upon the Wausau Daily Herald and defendant O'Rourke a demand for a retraction, which demand has been rejected or ignored.

Plaintiff Elbe filed her original complaint on June 12, 1984. Plaintiff Henschel filed her original complaint on July 31, 1984.

## UNDISPUTED FACTS

Based on the proposed findings of fact submitted by defendants in case 84–C–468–C, and not controverted by plaintiff Henschel, I find that the following facts are undisputed.

Plaintiff Henschel filed charges of sex discrimination and retaliation against defendant Wausau Hospital Center with the Wisconsin Equal Rights Division on March 10, 1982, and with the Equal Employment Opportunity Commission on March 9, 1982. Plaintiff Henschel's discrimination and retaliation charges named only Wausau Hospital Center as a respondent. None of the individual defendants were named as respondents or elsewhere in the charges.

Prior to the commencement of this suit, none of the individual defendants had notice that plaintiff Henschel claimed that their individual conduct was discriminatory or retaliatory. Prior to the commencement of this suit, none of the individual defendants consulted with or retained counsel concerning their individual conduct toward plaintiff Henschel. None of the defendants engaged in conciliation proceedings regarding their individual conduct toward plaintiff Henschel.

## OPINION

In her original complaint, plaintiff Elbe raised claims of age discrimination and re-

taliation, in violation of the Age Discrimination in Employment Act (ADEA), and of tortious interference with contract, against defendant Wausau Hospital Center alone. In her original complaint, plaintiff Henschel raised claims of retaliation for testifying on age discrimination charges, in violation of 29 U.S.C. § 623(d); violations of the Wisconsin Fair Employment Act (WFEA), Wis.Stats. §§ 111.31–111.395; violation of Wis.Stats. § 943.30, a criminal statute prohibiting certain types of threats and extortion; violation of Wis.Stats. § 134.01, prohibiting conspiracies to interfere with business relationships; tortious interference with contract; intentional infliction of emotional distress; and defamation.

In their briefs, plaintiffs concede that they cannot bring a claim for tortious interference with an employment contract against their employer, defendant Wausau Hospital Center. Plaintiff Henschel also concedes that she cannot state a claim for intentional infliction of emotional distress. Plaintiffs do not attempt to raise these claims in their amended complaints. I consider that plaintiffs have abandoned these claims and I will not consider them. I will address the arguments defendants raise with respect to each of plaintiffs' other claims in turn.

### Age Discrimination and Retaliation

Defendants first argue that plaintiff Henschel has failed to allege compliance with jurisdictional prerequisites for bringing age discrimination claims contained in 29 U.S.C. §§ 626(d) and 633(b). Section 626(d) requires that a plaintiff must file a notice of intent to sue with the Equal Employment Opportunity Commission (EEOC) no less than sixty days before filing suit, and no more than 300 days after the alleged acts of discrimination occurred. Section 633(b) provides that when a state has established an agency to hear employment discrimination claims, a plaintiff must also wait until 60 days after proceedings have commenced in the state agency before filing suit.

Plaintiff Henschel's original complaint alleged only that on August 10, 1983, the Wisconsin Equal Rights Division had ruled in plaintiff's favor on a sex discrimination and retaliation charge. Complaint ¶ 13. Although one could infer from that allegation that plaintiff Henschel had filed a state charge prior to August 10, 1983, the original complaint was silent as to whether or when plaintiff filed any charge with the EEOC. In response to defendants' arguments, plaintiff Henschel added to her amended complaint the allegation that

> The plaintiff has met all jurisdictional prerequisites for bringing a claim in this court under 29 U.S.C. § 621 *et seq.*, including but not limited to compliance with all state administrative procedures.

Amended Complaint ¶ 39.

■ Given the liberal pleading policy of the Federal Rules of Civil Procedure, particularly Rule 8, I find that this conclusory allegation is barely sufficient. My conclusion is supported by the fact that defendants acknowledge in their proposed findings of fact that plaintiff Henschel filed a complaint with the EEOC on March 9, 1982, and a complaint with the Equal Rights Division on March 10, 1982, thus placing plaintiff easily within the timing requirements of 29 U.S.C. § 626(d).[3]

Defendants next argue that both plaintiffs filed their suit after the applicable statute of limitations had run. Under 29 U.S.C. § 626(e), the statute of limitations contained in 29 U.S.C. § 255 applies to age discrimination claims. That section provides that an action

> shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation

---

**3.** I find it difficult to discern any reason why plaintiff Henschel did not allege these simple facts, especially after defendants raised the issue in their motion to dismiss. Plaintiff's obscure pleadings conjure up issues where none should

have existed, and force me to rely on the liberal policy of the rules. However, there are limits to that liberality, and plaintiff has come perilously close to those limits.

may be commenced within three years after the cause of action accrued; ... 29 U.S.C. § 255(a).

Plaintiff Elbe alleges a number of separate discriminatory and retaliatory acts. She alleges that she was denied a promotion in June, 1981, that her hours were reduced in September, 1982, that she was subsequently denied another promotion, and that she has been subjected to a continuing campaign of retaliatory harassment. Although the complaint is not entirely clear, as I read it, it does not allege any retaliatory acts before September, 1982. Thus, only plaintiff's claim relating to the denial of a promotion in June, 1981 is barred unless it is a claim of a "willful violation." Plaintiff Henschel's age discrimination claim is for conduct that took place prior to her discharge on March 8, 1982. Thus, her claim is also barred unless it is a claim of a "willful violation."

What type of conduct is required for a violation to be considered "willful" under 29 U.S.C. § 255(a) and 29 U.S.C. § 626(b) is open to some question. In *Trans World Airlines, Inc. v. Thurston*, — U.S. —, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985) the Supreme Court held that liquidated damages are available under 29 U.S.C. § 255(b) and 29 U.S.C. § 626(b), which also require a "willful" violation, only if the employer knew or showed a "reckless disregard" for whether its conduct was prohibited by the ADEA. *Id.*, at ———–———, 105 S.Ct. at 624–625. However, the Court noted that there is a division of opinion among the courts of appeals whether the "willfulness" standard should be the same for limitations purposes and for determining liquidated damages. *Id.* at —— & n. 21, 105 S.Ct. at 625 & n. 21. Even if the "reckless disregard" standard is applied to determine the limitations period, I conclude that plaintiffs have adequately alleged willfulness.

■ Plaintiff Henschel has alleged that defendants made a conscious decision to solicit adverse information concerning her and then terminate her, in retaliation for her testimony on behalf of Rosemary Walden and plaintiff Elbe. If proven, these allegations would support a finding that defendants consciously and intentionally violated the ADEA. Plaintiff Elbe has alleged that even though she was qualified for promotion to the registered nurse's position, the position was given to a younger employee, and that plaintiff Elbe did not receive the position. I conclude that at the pleading stage, this sufficiently alleges a willful violation. Of course, the issue whether any violation was willful is primarily a factual issue, and if defendants establish that any violations that occurred more than two years before suit was filed were not willful, plaintiffs may be barred from recovering on such claims. *See Hovey v. Lutheran Medical Center*, 516 F.Supp. 554, 556 (D.C.N.Y.1981).

■ The individual defendants in Case 84–C–468–C seek summary judgment on plaintiff Henschel's claims against them on the ground that they were not named in plaintiff Henschel's administrative charges. Ordinarily, if a party is not named in an EEOC charge that party may not be sued under Title VII. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir.1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982). However, if an unnamed party has adequate notice of the charge and an opportunity to participate in conciliation proceedings, it may be sued. *Id.* The same rule applies under the ADEA. *Allen v. Colgate-Palmolive Co.*, 539 F.Supp. 57, 69 (S.D.N.Y.1981); *Quinn v. Bowmar Publishing Co.*, 445 F.Supp. 780, 785 (D.Md.1978).

■ The parties agree that the *Eggleston* standard is controlling, but dispute whether plaintiff Henschel has satisfied it. The individual defendants have submitted affidavits in which they state that they did not have notice that plaintiff Henschel claimed that their individual conduct was discriminatory or retaliatory, and that they were never involved in any conciliation proceedings. The burden of proving notice and an opportunity to conciliate is on the plaintiff, *Quinn v. Bowmar Publishing Co.*, 445 F.Supp. at 785, and similar affidavits have been held to establish lack of

notice and opportunity to conciliate. *Allen v. Colgate-Palmolive Co.*, 539 F.Supp. at 69. In response, plaintiff Henschel cites to a finding made by the Wisconsin Labor and Industry Review Commission, on defendant Wausau Hospital Center's appeal of the Equal Rights Division's decision, that the individual defendants had notice of Henschel's participation as a witness on behalf of equal rights complainants.[4] However, the issues whether the individual defendants had notice of Henschel's conduct, and indeed, whether the individual defendants' conduct was discriminatory or retaliatory, are totally separate from the issue whether the individual defendants had notice of the charges and an opportunity to conciliate. Based on the undisputed facts, I conclude that the individual defendants did not have such notice. Accordingly, their motion for summary judgment on plaintiff Henschel's age discrimination claim will be granted.

### Wisconsin Fair Employment Act

■ Initially, defendants argued that plaintiff Henschel has no private right of action under the Wisconsin Fair Employment Act (WFEA), but is limited to administrative remedies. *Bachand v. Connecticut General Life Insurance Co.*, 101 Wis.2d 617, 305 N.W.2d 149 (Ct.App.1981). Apparently defendants now concede that there is a private right of action under *Yanta v. Montgomery Ward & Co.*, 66 Wis.2d 53, 224 N.W.2d 389 (1974), but argue that it is limited to recovery of back pay. Of course, that is not in itself grounds for dismissing plaintiff's claim, although I may consider dismissing plaintiff's WFEA claim if it appears that it is merely duplicative of her age discrimination claim. I agree with the conclusion reached by the court in *Shanahan v. WITI-TV, Inc.*, 565 F.Supp. 219 (E.D.Wis.

1982), that despite *Bachand*, the Supreme Court for the State of Wisconsin has continued to adhere to the view that there is a private right of action under the WFEA. *See Kurtz v. City of Waukesha*, 91 Wis.2d 103, 280 N.W.2d 757 (1979).

### Violation of Criminal Statute

■ Plaintiff Henschel seeks to raise claims that the individual defendants violated a Wisconsin criminal statute, Wis.Stats. § 943.30. Defendants argue that Wis.Stats. § 943.30 does not confer a private right of action. However, in *Judevine v. Benzies-Montanye Fuel & Warehouse Co.*, 222 Wis. 512, 523, 269 N.W. 295 (1936), the Supreme Court for the State of Wisconsin implied that such an action could be brought. In *Judevine*, the court held that the plaintiff could not bring an action under the predecessor to Wis.Stats. § 943.30 because he had failed to allege an injury to his business. *Id.* Thus, the court indicated that plaintiff could have brought the action if injury to business had been alleged. Moreover, the state court has held repeatedly that private parties may bring suit for violations of Wis.Stats. § 134.01, which prohibits conspiracies to accomplish conduct analogous to that prohibited by § 943.-30.[5] *See Radue v. Dill*, 74 Wis.2d 239, 245, 246 N.W.2d 507 (1976). Accordingly, I conclude that plaintiff has a private right of action under Wis.Stats. § 943.30.

Next, defendants argue that any action under § 943.30 is barred by the applicable statute of limitations. Defendants contend that the applicable statute is Wis.Stats. § 893.93(2)(a), which provides a two year statute of limitations for

> An action by a private party upon a statute penalty, or forfeiture when the action is given to the party prosecuting

---

4. Plaintiff Henschel has failed to submit a proposed finding of fact to this effect. However, that failure is immaterial.

5. Wis.Stats. § 134.01 prohibits persons from conspiring
> for the purpose of wilfully or maliciously injuring another in his reputation, trade, business or profession by any means whatever, or for the purpose of maliciously compelling an-

other to do or perform any act against his will....

Wis.Stats. § 943.30 provides that any person who
> threatens or commits any injury to the person, property, business, profession, calling or trade ... of another, with intent ... to compel the person so threatened to do any act against the person's will or omit to do any lawful act, is guilty of a Class D felony.

therefor and the state, except when the statute imposing it provides a different limitation.

Plaintiff Henschel contends that the applicable statute is Wis.Stats. § 893.93(1)(a), which provides a six year limitations period for

An action upon a liability created by statute when a different limitation is not created by law.

Precisely which statutory causes of action Wis.Stats. § 893.93(2)(a) covers is open to some dispute. In *Yanta v. Montgomery Ward & Co.*, 66 Wis.2d at 66, 224 N.W.2d 389, the court made clear that it does not apply to all liability created by statute, but only to statutes that specify a penalty or forfeiture for their violation. Two arguments can be raised in favor of the position that plaintiff Henschel's claim under § 943.30 is an action "upon a statute penalty, or forfeiture."

The first relies on *Hauer v. Bankers Trust New York Corp.*, 425 F.Supp. 796 (E.D.Wis.1977), and *State ex rel. Nordell v. Kinney*, 62 Wis.2d 558, 215 N.W.2d 405 (1974). In *Nordell*, the court held that an action under the Wisconsin antitrust statute, Wis.Stats. § 133.01, is a punitive action because § 133.01 provides for treble damages. *Id.* at 562, 215 N.W.2d 405. In *Hauer*, the court held that the *Nordell* decision applied to actions under both §§ 133.01 and 134.01, and that since treble damage claims are punitive, the two year limitation period of § 893.93(2)(a) must apply. *Hauer v. Bankers Trust New York Corp.*, 425 F.Supp. at 799. *Hauer* and *Nordell* were antitrust cases in which violations of both §§ 133.01 and 134.01 were alleged. When a plaintiff brings an antitrust claim for treble damages and alleges violations of §§ 133.01 and 134.01, it is reasonable to treat the entire action as a punitive one and to apply the two year limitation period of Wis.Stats. § 893.-93(2)(a).

However, plaintiff Henschel's claim under Wis.Stats. § 943.30 is manifestly not a claim of an antitrust violation, and plaintiff does not seek treble damages. There is no indication in § 943.30 or in *Judevine* that

treble damages are available for a violation of § 943.30. Accordingly, I conclude that *Hauer* does not apply to actions under § 943.30.

 It can also be argued that actions under § 943.30 are actions "upon a statute penalty" because the statute contains within itself a reference to statutory criminal penalties. However, an action for damages for violation of a criminal statute is not an action "upon" the criminal penalties contained in the statute. The fact that an action to enforce a penalty may be brought for the same conduct does not alter the character of the civil action for compensatory relief. *See R.J. Wilson Co. v. Industrial Commission*, 219 Wis. 463, 470, 263 N.W. 204 (1935). Therefore, I conclude that plaintiffs' claims for actual damages are not actions "upon a statute penalty" and thus are not governed by Wis.Stats. § 893.93(2)(a). Since no other limitation period is "prescribed by law," I conclude that plaintiff Henschel's claim under Wis.Stats. § 943.30 is governed by the six year limitation period of Wis.Stats. § 893.93(1)(a). Her claim is not time barred under the six year limitations period, and thus defendants' motion to dismiss it must be denied.

### Conspiracy Claims

 In their amended complaints, both plaintiffs raise claims that defendants conspired to violate their civil rights in violation of 42 U.S.C. § 1985(2) and that they conspired to injure plaintiffs in their profession, in violation of Wis.Stats. § 134.-01. In order to state a claim under either statute plaintiffs must allege a conspiracy. That is, plaintiffs must allege that two or more persons or entities combined to commit a violation. *See Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972); *Mendelson v. Blatz Brewing Co.*, 9 Wis.2d 487, 490, 101 N.W.2d 805 (1960).

 Plaintiffs allege that the individual defendants, acting as agents of defendant Wausau Hospital Center, conspired to injure plaintiffs professionally in order to prevent plaintiffs from pursuing or testify-

ing about discrimination claims. Plaintiffs do not allege that the individual defendants acted on their own behalf or outside the course of their corporate duties. It is clear that these allegations fail to state a claim under 42 U.S.C. § 1985(2). The Court of Appeals for the Seventh Circuit adheres to the view that the actions of agents within the scope of their corporate authority are the acts of a single corporate entity rather than of separate persons. Therefore,

> if the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally not constitute the conspiracy contemplated by this statute.

*Dombrowski v. Dowling,* 459 F.2d at 196. In the instant case, plaintiffs have alleged "a single act of discrimination by a single business entity." Therefore, plaintiffs have not stated claims under 42 U.S.C. § 1985(2) in their amended complaints, and it would be futile to permit plaintiffs to amend their complaints to add such claims. Accordingly, I will deny plaintiffs leave to amend their complaints with respect to the § 1985(2) claims. *See Verhein v. South Bend Lathe, Inc.,* 598 F.2d 1061, 1063 (7th Cir.1979).

 It is less clear whether an allegation that agents of a corporation have conspired within the course of their corporate duties states a claim under Wis.Stats. § 134.01. An allegation that a single corporate defendant has violated Wis.Stats. § 134.01 does not state a claim. *McCluney v. Jos. Schlitz Brewing Co.,* 489 F.Supp. 24, 26 (E.D.Wis.1980). Plaintiff Henschel argues that in *Mendelson v. Blatz Brewing Co.,* 9 Wis.2d at 487, 101 N.W.2d 805, the court permitted an action by a former manager of a company against two officers of the company for allegedly conspiring to have him discharged. However, in *Mendelson,* the plaintiff alleged that the conspiracy was "a scheme of the defendants wholly unrelated to that of promoting the welfare of the corporation." *Id.* at 490. Thus, it would appear that the defendants in *Mendelson* were acting to enrich themselves rather than on behalf of the corpora-

tion. In the absence of any explicit holding on the issue, I conclude that the Wisconsin supreme court would adopt the approach taken in *Dombrowski,* based as it is on the well accepted principles that a corporation cannot conspire with itself and that the acts of an agent are the acts of the corporation. *See Cole v. University of Hartford,* 391 F.Supp. 888, 891–93 (D.Conn. 1975); *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir. 1952). Therefore, defendants' motion to dismiss plaintiff Henschel's § 134.01 claim will be granted, and plaintiff Elbe will be denied leave to amend her complaint to add a claim under § 134.01.

*Tortious Interference with Contract*

 Defendants argue that plaintiff Henschel's claim for tortious interference with contract should be dismissed for several reasons. First, they argue that plaintiff Henschel either had no contract with defendant Wausau Hospital Center, or that she did not have an enforceable contract. These arguments are essentially irrelevant, because plaintiff is not attempting to raise a breach of contract claim. Instead, she seeks to raise a claim that the individual defendants interfered with her employment contract. Wisconsin law is clear that an employee may raise such a claim, even when the employment contract was terminable at will. *Mendelson v. Blatz Brewing Co.,* 9 Wis.2d 487, 101 N.W.2d 805 (1960); *Harman v. LaCrosse Tribune,* 117 Wis.2d 448, 455, 344 N.W.2d 536 (Ct.App.1984).

 Next, defendants argue that in Wisconsin actions for wrongful discharge from employment are narrowly limited under *Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834 (1983). Again, however, this argument is irrelevant because plaintiff is not raising a wrongful discharge claim. Whether defendant Wausau Hospital Center was entitled to discharge Henschel is a separate issue from whether the individual defendants wrongfully interfered with plaintiff's employment.

Third, defendants argue that an action for interference with contract must be brought against a third party who has interfered with the contract between the contracting parties. Since the individual defendants were agents of defendant Wausau Hospital Center, they argue that no third party was present. However, Wisconsin law recognizes an action brought by an employee against the officers and directors of a corporation for tortious interference with an employment contract. *Lorenz v. Dreske*, 62 Wis.2d 273, 286–87, 214 N.W.2d 753 (1974). The officers or directors will not be liable if they acted in good faith for the best interests of the corporation. Whether this conditional privilege applies is a factual issue not to be decided on a motion to dismiss. *Id.*

Defendants next argue that the interference with contract claim is barred by the two year statute of limitations for intentional torts to the person, Wis.Stats. § 893.57. Plaintiff argues that a six year statute of limitations, either Wis.Stats. § 893.43, governing actions "upon" contracts, or Wis.Stats. § 893.53, governing actions for injuries to the rights of another, "not arising on contract," should apply. The issue of which section should apply is not clear. Wrongful interference with a contract is not really an "intentional tort to the person" covered by Wis.Stats. § 893.57. Nor is plaintiff's action, as plaintiff has pointed out, an action "upon" a contract. In *Segall v. Hurwitz*, 114 Wis.2d 471, 487–88, 339 N.W.2d 333, a Wisconsin court of appeals held that Wis.Stats. § 893.53 applies to interference with contract claims. In the absence of any clear indication that another statute of limitations would be preferable, I will follow the *Segall* decision. Under Wis.Stats. § 893.53 plaintiff's claim is not time barred.

Finally, defendants argue that permitting a state claim for interference with contract would interfere with the WFEA and the ADEA. The first argument relies on the holding in *Bachand v. Connecticut General Life Insurance Co.*, 101 Wis.2d at 624–26, 305 N.W.2d 149, that administrative remedies under the WFEA are the exclusive state remedy for employment discrimination in Wisconsin. The correctness of the holding in *Bachand* is open to question. *See Shanahan v. WITI–TV, Inc.*, 565 F.Supp. at 222. Even *Bachand* would not appear to prohibit a separate action for damages for interference with contract, although related to a WFEA claim. Nothing in the federal ADEA appears to prohibit a parallel state claim.

*Defamation*

Defendants have moved to dismiss plaintiff Henschel's defamation claim on the ground that she failed to comply with Wis.Stats. § 895.05(2). Section 895.05(2) requires that before commencing a civil defamation action based on allegedly libelous material published in a newspaper or periodical, the plaintiff must demand a retraction from the offending party. The requirement applies to nonmedia as well as media defendants. *Hucko v. Jos. Schlitz Brewing Co.*, 100 Wis.2d 372, 302 N.W.2d 68 (Ct.App.1981). In her amended complaint, plaintiff alleges that she has now demanded a retraction, and that her demand has been rejected. Therefore, defendants' motion to dismiss will be denied.

*Punitive Damages*

Defendants argue that plaintiffs' claims for punitive damages should be dismissed. Defendants argue that plaintiffs have failed to allege that defendants' conduct was so outrageous that plaintiffs should be entitled to an award of punitive damages. Pleadings are to be construed so as to do substantial justice to the parties, and a claim for punitive damages should be dismissed only if it is clear that the complaint fails to allege facts sufficient to state a claim for punitive damages. *Wangen v. Ford Motor Co.*, 97 Wis.2d 260, 308–09, 294 N.W.2d 437 (1980). I find that plaintiff has alleged facts sufficient to state a claim for punitive damages under this standard.

Plaintiffs concede that punitive damages are not available under the ADEA or WFEA. Since plaintiff Elbe's only remain-

ing claims are under the ADEA, her punitive damage claim will be dismissed.

### ORDER

IT IS ORDERED that plaintiffs' motions for leave to file amended complaints are GRANTED, with the exception of the following claims: 1) plaintiffs' claims for conspiracy to obstruct justice under 42 U.S.C. § 1985(2); and 2) plaintiff Elbe's claim for conspiracy to injure plaintiff Elbe in her profession under Wis.Stats. § 134.01. With respect to those claims, plaintiffs' motions for leave to file amended complaints are DENIED.

IT IS FURTHER ORDERED that defendants' motions to dismiss plaintiff Henschel's claim under Wis.Stats. § 134.01 and plaintiff Elbe's claim for punitive damages are GRANTED. In all other respects, defendants' motions to dismiss are DENIED.

IT IS FURTHER ORDERED that the individual defendants' motions for summary judgment on plaintiff Henschel's age discrimination claim is GRANTED. In all other respects, defendants' motions for summary judgment are DENIED.