Delores COLEY, Plaintiff,

v.

**M & M MARS, INC., Eugene Williams, David Williams, Ben Carroll and Joel Maggi, Defendants.**

**Civ. A. No. 78–46–ALB.**

United States District Court,
M. D. Georgia,
Albany Division.

Dec. 6, 1978.

Laronce Beard, Albany, Ga., for plaintiff.

Homer L. Deakins, Jr., Atlanta, Ga., Walter M. Deriso, Albany, Ga., for defendants.

RULINGS ON MOTIONS OF PLAIN-
TIFF AND DEFENDANTS

OWENS, District Judge.

On July 20, 1978 Delores Coley filed her individual employment discrimination complaint against M & M Mars, Inc. (Mars) and certain named employees of that corporation. The complaint alleged violations of 42 U.S.C.A. §§ 1981, 1985(3) and 2000e *et seq*, as well as Ga. Code Ann. § 105–107 in that Ms. Coley was harassed and eventually terminated because of her sex and race. Defendants answered and filed assorted motions to dismiss. Thereafter, on October 13, 1978, plaintiff moved to amend her original complaint to add proposed paragraphs 24 thru 29 and 43. Defendants' motions to dismiss and plaintiff's motion to amend are ripe for decision.

■ Plaintiff requests relief for herself alone; class certification is not sought. In light of this fact the court must disallow plaintiff's amendment of her complaint with respect to proposed paragraphs 25 thru 28. Those paragraphs condemn defendants' hiring, assignment, promotion and transfer policies as discriminating against blacks and women generally. Those paragraphs do not allege that plaintiff herself has suffered such discrimination. Thus, proposed paragraphs 25 thru 28 state no claim[1] with respect to the plaintiff and add nothing to plaintiff's complaint. Accordingly, leave to amend must be denied with respect to proposed paragraphs 25 thru 28 but granted with respect to proposed paragraphs 24, 29 and 43.

■ Plaintiff's Count IV is founded upon Georgia law and in essence alleges that the defendants are liable for tortiously interfering with her contractual relationship with Mars, for tortiously interfering with her attempts to contract with other named and unnamed employers and for publicly defaming her reputation. All defendants move to dismiss this count on assorted grounds. Their motions must be denied. Further

factual development may warrant summary judgment with respect to some aspects of plaintiff's Count IV, but that count clearly states claims for relief under Georgia law. *See Georgia Power Company v. Busbin,* 242 Ga. 612, 250 S.E.2d 442; *Schaeffer v. King,* 223 Ga. 468, 155 S.E.2d 815 (1967).

Individual defendants Carroll and Maggi contend that this court has no subject matter jurisdiction over a Title VII action against them because they were not named in plaintiff's EEOC complaint. The only individuals named in Ms. Coley's complaint were Eugene and David Williams. An affidavit attached to the complaint mentions only Eugene Williams, an alleged ". . . racist and sexist supervisor who treated us unfairly and fired us unjustly because we were women and black." The complaint and attached affidavit make no mention, either by name or title, of Ben Carroll or Joel Maggi, Mar's personnel and plant managers respectively.

■ This court's Title VII jurisdiction extends only to those defendants named in plaintiff's EEOC complaint. 42 U.S.C.A. § 2000e–5. Courts have liberally construed this requirement so as to include individuals mentioned by title or individuals who receive actual notice of the complaint and whose involvement in the EEOC conciliation process is reasonably necessary to adequately remedy the complaint's allegations. *See Tillman v. City of Boaz,* 548 F.2d 592 (5th Cir. 1977); *Canavan v. Beneficial Finance Corp.,* 553 F.2d 860 (3rd Cir. 1977); *Kaplan v. Intern. Alliance of Theatrical, Etc.,* 525 F.2d 1354 (9th Cir. 1975); *Hairston v. McLean Trucking Co.,* 62 F.R.D. 642 (M.D.N.C.1974). At this stage in the present proceedings this court cannot conclude that defendants Carroll and Maggi did not receive actual notice of plaintiff's complaint or that they were not reasonably necessary parties to any adequate EEOC conciliation process. Consequently, their motion to dismiss plaintiff's Title VII allegations for want of subject matter jurisdic-

---

**1.** Counsel's attention is directed to *Burns v. Thiokol Chemical Corp.,* 483 F.2d 300 (5th Cir. 1973) which indicates that while not part of

plaintiff's cause of action, evidence of such matters may be relevant proof.

tion will be carried with the case and ruled upon at such time as the factual background has been sufficiently developed.

■ All four individual defendants move to dismiss plaintiff's claims against them which are founded upon 42 U.S.C.A. § 1981. They argue that there must be a contractual relationship or expectation between themselves and the plaintiff before they may be held liable under § 1981. Applicable Fifth Circuit precedent runs counter to this argument. In *Faraca v. Clements*, 506 F.2d 956 (5th Cir. 1975), Clements was held individually liable under § 1981 for interfering with the plaintiff's employment expectation with Clements' organization. The plaintiff did not seek or expect an employment contract with Clements. The *Faraca* opinion makes clear that the present defendants may be held individually liable under § 1981 for discriminatory interference with plaintiff's contractual relationship with Mars. Consequently, their motion to dismiss plaintiff's § 1981 claims must be denied.

■ Finally, all defendants move to dismiss plaintiff's claims insofar as they allege violations of 42 U.S.C.A. § 1985(3). They contend that no § 1985(3) conspiracy may be found to exist between a corporation and its employees or among the employees themselves where the employees are not alleged to have acted outside the scope of their employment.

The precedent on this point is mixed, and the Fifth Circuit has not ruled. Some cases have held that to survive dismissal the plaintiff must allege that the individual defendants were not acting in their official capacity or were prompted by personal motivations. *E.g., see Girard v. 94th St. & Fifth Ave. Corp.*, 530 F.2d 66 (2nd Cir. 1976); *Baker v. Stuart Broadcasting Co.*, 505 F.2d 181 (8th Cir. 1974); *Novotny v. Great Am. Fed. Sav. & Loan Ass'n*, 430 F.Supp. 227 (W.D.Pa.1977); *Jones v. Tennessee Eastman Co.*, 397 F.Supp. 815 (E.D. Tenn.1974); *Cole v. University of Hartford*, 391 F.Supp. 888 (D.Conn.1975). These cases reason that all business entities must act through their individual employees and that

a single business entity cannot conspire with itself. Other cases have heard evidence and subsequently concluded that there was no showing that the individual defendants were acting outside their official capacity or for personal reasons. *E.g., see Dombrowski v. Dowling*, 459 F.2d 190 (7th Cir. 1972); *Keddie v. Pennsylvania State University*, 412 F.Supp. 1264 (M.D.Pa. 1976). Two cases have apparently concluded that allegations of continuing instances of discrimination and harassing treatment by individual defendants are sufficient to allege a conspiracy because, so the argument goes, the complaint asserts more than a single act of discrimination by a single business entity. *Jackson v. University of Pittsburgh*, 405 F.Supp. 607 (W.D.Pa.1975); *Rackin v. University of Pennsylvania*, 386 F.Supp. 992 (E.D.Pa.1974). This court has conceptual difficulty with the idea evidently propounded by these cases that the number of discriminatory acts can create a conspiracy although each act is committed by a single entity. The general rule remains that a single entity cannot conspire with itself. Therefore, the court reads *Jackson* and *Rackin* as authority that allegations of continual discriminatory harassment at the hands of individual employees are sufficient to survive dismissal because, in the backdrop of racial discrimination, such allegations express the likelihood that these employees were motivated by a personal racial bias and were not acting out of concern for the best interests of their employer.

Read in this fashion, *Jackson* and *Rackin* are consistent with the sound result reached in *Beamon v. W. B. Saunders Co.*, 413 F.Supp. 1167 (E.D.Pa.1976). Faced with a motion to dismiss Beamon's § 1985(3) conspiracy claims for the same reasons that the present defendants advance, the court concluded that evidence should be heard.

Second, while I recognize that the lower courts have taken inconsistent positions with respect to the question of whether officials of a single corporation can conspire with one another, I am not disposed to dismiss the § 1985(3) claim at this point in the proceedings. Presentation of

evidence on questions such as the number of acts of discrimination, and the number of business entities or individuals involved, should be taken before undertaking the ambitious task of attempting to define the constitutional scope of § 1985(3). 413 F.Supp. at 1176–7.

*Jackson* and *Rackin* are also consistent with the leading Fifth Circuit case discussing conspiracies in an antitrust setting. *Nelson Radio § Supply Co. v. Motorola*, 200 F.2d 911, 914 (5th Cir. 1952) found dismissal appropriate where the complaint did not allege ". . . affirmatively, expressly, *or otherwise*, that [the individual employee defendants] were actuated by any motives personal to themselves." (emphasis added) The likelihood of personal motivation in a racial context is far greater than that in an antitrust context; thus allegations of continual discriminatory harassment by individual employee defendants may be found to satisfy the "or otherwise" requirement of *Nelson Radio.*

■ The common thread throughout these various decisions is apparent: a conspiracy does not exist among a business entity and/or its employees where those employees act within the scope of their employment and without inconsistent personal motivations. Plaintiff's complaint alleges that David and Eugene Williams constantly harassed her during her employment with Mars because of her race and sex. Where race relations and not business matters are involved, this court must conclude that such a complaint sufficiently alleges the likelihood of personal, non-business motivation on the part of these two defendants. Accordingly, evidence should and will be heard on plaintiff's § 1985(3) claim.

For all of the reasons stated, plaintiff's motion to amend is granted as to proposed paragraphs 24, 29 and 43, but denied as to proposed paragraphs 25 thru 28; defendants' motions to dismiss plaintiff's § 1981 claims, plaintiff's § 1985(3) claims and plaintiff's Count IV are denied; and the motions of defendants Carroll and Maggi to dismiss plaintiff's Title VII claims are carried with the case.

SO ORDERED, this 6th day of December, 1978.