**William O'YOUNG, a/k/a William Abayang, Plaintiff,**

v.

**HOBART CORPORATION and James Frenchy, Defendants.**

No. 82 C 7883.

United States District Court, N.D. Illinois, E.D.

Sept. 15, 1983.

---

William Mar O'Young, pro se.

Gregory A. Stayart, Sullivan and Associates, Chicago, Ill., for plaintiff.

Michael J. Leech, Hinshaw, Culbertson, Moelmann, Hoban & Fuller, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

McGARR, Chief Judge.

On May 9, 1983, plaintiff William O'Young (a/k/a William Abayang) filed an amended complaint alleging that his former employer, Hobart Corporation ("Hobart"), and his former supervisor, James Frenchy ("Frenchy"), discriminated against him on the basis of race and national origin. Counts I through III of plaintiff's six-count amended complaint contain the same allegations as Counts IV through VI except Counts I through III are directed against Hobart whereas Counts IV through VI are brought against Frenchy. Counts I and IV allege a violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e–17. Counts II and V are brought

under 42 U.S.C. § 1981. Counts III and VI are brought under Article I, § 17 of the Illinois Constitution.

Defendants move to dismiss Counts I through VI of plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) or, in the alternative, move for a more definite statement pursuant to Fed.R. Civ.P. 12(e).

### Counts I and IV

Defendants contend that Counts I and IV of plaintiff's amended complaint should be dismissed because plaintiff did not timely file his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as required by § 706(e) of the 1964 Civil Rights Act, 42 U.S.C. § 2000e–5(e). Section 706(e) provides that a charge of unlawful employment practice must be filed with the EEOC within 180 days of the alleged unlawful employment practice except that in a case where the person aggrieved has initially instituted proceedings with a state or local agency with authority to grant or seek relief from such practice, the person aggrieved has 300 days in which to file with the EEOC. 42 U.S.C. § 2000e–5(e).

Plaintiff's last day of employment with Hobart was October 15, 1981. As such, it was the last possible date of discrimination. *See Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). Plaintiff filed a complaint with the EEOC on May 21, 1982, more than 180 but less than 300 days after the last possible date of discrimination. The EEOC forwarded plaintiff's complaint to the Illinois Department of Human Rights ("IDHR"). The IDHR is a state agency authorized to remedy employment discrimination based on race or national origin. Ill.Rev.Stat. ch. 68, §§ 1–101 to 9–102 (1981).

█ Plaintiff contends that his EEOC filing was timely because it was filed with the EEOC within 300 days of the last date

of discrimination. Plaintiff notes that Illinois is a deferral state, a state with a state agency authorized to grant relief for employment discrimination. Thus, plaintiff concludes, because he initially instituted his claim with the state agency, *see Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1971) (state proceedings can be initiated by the EEOC on the complainant's behalf), § 706(e) gives him 300 days in which to file his complaint with the EEOC.

Defendants argue that plaintiff is not entitled to the benefit of the extended filing period because he did not timely file his complaint with the IDHR. Illinois requires a complainant to file with the IDHR within 180 days of the alleged unlawful discrimination. Ill.Rev.Stat. ch. 68, § 7–102(A)(1) (1981). Defendants argue that plaintiff's failure to timely file his claim with the IDHR prohibits plaintiff from obtaining the benefit of the extended filing period with the EEOC.

The Supreme Court has held that a plaintiff's failure to timely file a charge with the appropriate state agency does not foreclose him from bringing a federal claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, where the state filing limit is only 120 days.[1] *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1978). The Court has also stated that a plaintiff need not file with the state agency within 180 days in order to obtain the extended federal filing period where the state has a filing period of 365 days. *Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1979).

Defendants distinguish these cases on their facts and ask this court to follow *Lowell v. Glidden-Durkee, Div. of SCM Corp.*, 529 F.Supp. 17 (N.D.Ill.1981). In *Lowell*, Judge Getzendanner held that a complainant in Illinois was not entitled to the extended filing period where the com-

---

1. Because the ADEA and Title VII share a common purpose and the filing requirements of the two Acts are similar, the Supreme Court has stated that the relevant portions of the ADEA are to be given the same construction as the filing provisions of Title VII. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 756, 99 S.Ct. 2066, 2072, 60 L.Ed.2d 609 (1978).

plainant failed to file a charge with the IDHR within 180 days. This court finds the rationale of *Lowell* compelling and adopts it here.

Judge Getzendanner distinguished the Supreme Court holding in *Oscar Mayer* on the basis that the Court desired to give those persons residing in deferral states with restrictive filing periods (less than 180 days) as much time to file an initial complaint as those persons in non-deferral states, that is 180 days. In *Mohasco*, on the other hand, the Supreme Court desired to give those persons in states with long filing periods (greater than 180 days) the benefit of the longer state filing period and, thus, did not require the complainant to file with the state agency within 180 days in order to preserve his federal rights. Noting that neither of these rationales apply to the Illinois situation where the state filing period is the same as the EEOC filing period, 180 days, Judge Getzendanner concluded that to give the plaintiff the benefit of the extended filing period simply because he made a filing with the IDHR which was without significance because it was time-barred, would fly in the face of the congressional purpose underlying the extended filing period—to allow state agencies the initial opportunity to consider and resolve employment discrimination charges. It would be unfair to give persons who fortuitously live in deferral states 300 days in which to file whereas persons who live in non-deferral states only have 180 days in which to act or forfeit their federal rights.

Moreover, in *Mohasco*, the Supreme Court states that neither Title VII nor anything in its legislative history contains any "suggestion that complainants in some states were to be allowed to proceed with less diligence than those in other states." *Mohasco*, 447 U.S. at 821, 100 S.Ct. at 2494 (citing *Moore v. Sunbeam Corp.*, 459 F.2d 811, 825 n. 35 (7th Cir.1972)). If the instant plaintiff was to be given the benefit of the 300 day filing period when he failed to file a charge with the state within its 180 day filing period, this court would be permitting Illinois claimants to proceed with less diligence than claimants in non-defer-

ral states. This, clearly, is not the purpose of the extended filing time.

The only reason grievants in deferral states are treated differently than grievants in non-deferral states is to give authorized state agencies an opportunity to redress the evil at which the federal legislation is aimed. *Mohasco*, 447 U.S. at 821, 100 S.Ct. at 2494. This purpose is not served by an untimely filing with the state agency. Section 706(e) states that the extended filing period is applicable only when the state agency is authorized to grant or seek relief for the alleged unlawful discrimination. 42 U.S.C. § 2000e-5(e). Strictly speaking, where the claimant files a time-barred claim with the state agency, the agency is not an agency authorized to grant or seek relief with respect to that complaint. *See Pastrana v. Federal Mogul Corp.*, 683 F.2d 236, 242 (7th Cir.1982). Consequently, plaintiff is not entitled to the benefit of the extended 300 day filing period.

Plaintiff, however, contends that the EEOC regulations support his argument and that such regulations "are controlling on the issue." This court must reject any suggestion that the EEOC may adopt regulations inconsistent with the statute. The EEOC's interpretation of the statute cannot supersede the language chosen by Congress. *Mohasco*, 447 U.S. at 825, 100 S.Ct. at 2496.

Because plaintiff failed to file a complaint with the IDHR within the 180 day state filing period, he is not entitled to the 300 day filing period with the EEOC. Because plaintiff failed to file a charge with the EEOC within 180 days, he has failed to state a cause of action under Title VII for which relief can be granted. For the foregoing reasons, defendants' motion to dismiss, with respect to Counts I and IV of plaintiff's amended complaint, is granted.

### Counts II and V

Defendants contend that plaintiff's claims under 42 U.S.C. § 1981, Counts II and V of plaintiff's amended complaint,

should be dismissed for failure to allege intentional discrimination and for failure to make a *prima facie* showing of intentional discrimination. In the alternative, defendants seek an order for a more definite statement.

■ In order to satisfy the Federal Rules of Civil Procedure, plaintiff must give a short and plain statement of his claim that will give defendants fair notice of his claim and the grounds upon which it rests. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at 45, 46, 78 S.Ct. at 101, 102.

■ In order to state a cause of action under § 1981, plaintiff must allege that defendants engaged in purposeful discrimination. *See General Building Contractors Association v. Pennsylvania,* 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). Plaintiff alleges that during his employment with Hobart he was continually subjected to different terms and conditions of employment because of his race. These allegations state a cause of action under § 1981.

■ With respect to defendants' alternative motion for a more definite statement, this court holds that plaintiff's complaint apprises defendants of the claims they must defend. The additional information which the defendants seek is obtainable through discovery.

For the foregoing reasons, defendants' motion to dismiss is denied with respect to Counts II and V, as is defendants' motion, in the alternative, for a more definite statement.

### Counts III and VI

Defendants move to dismiss Counts III and VI, which allege violation of article I, § 17 of the Illinois Constitution, for failure to state a claim because plaintiff's complaint does not allege compliance with the IHRA. Ill.Rev.Stat. ch. 68, §§ 1–101 to 9–102 (1981). Defendants assert that the IHRA is the enabling statute for article I, § 17. The IHRA requires a grievant to file a complaint with the IDHR within 180 days of the alleged discriminatory act. Ill.Rev. Stat. ch. 68; § 7–102. Plaintiff did not file a charge with the IDHR within 180 days after his last date of employment.

Plaintiff does not dispute that he did not file within the 180 days filing period of the IHRA. Rather, plaintiff responds that defendants' contention is invalid because the IHRA is merely an additional remedy to employment discrimination provided by the legislature. Consequently, the 180 day filing period does not apply to claims brought under the Illinois Constitution and instead is subject only to a five-year statute of limitation.

Article I, § 17 of the Illinois Constitution establishes the right of persons in Illinois to be free from discrimination on the basis of, *inter alia,* race and national ancestry in the hiring and promotion practices of any employer. Section 17 also provides: "These rights are enforceable without action by the General Assembly, but the General Assembly by law may establish reasonable exemptions relating to these rights and provide additional remedies for their violation." Ill. Const. art. I, § 17 (1970). The Constitution itself does not provide any remedies or direction as to how this right is to be enforced.

■ The IHRA expressly states that it is the public policy of the state to secure and guarantee the rights established by section 17 of article I. Ill.Rev.Stat. ch. 68, § 1–102(C) (1981). Moreover, the Act is titled:

An Act to promote the public health, welfare and safety of the People of the State of Illinois by preventing unlawful discrimination in employment ... by authorizing the creation of a Department of Human Rights to enforce, and a Human Rights Commission to adjudicate, allegations of unlawful discrimination, and by making uniform the law with respect to unlawful discrimination ....

It has been held that the IHRA preempts the subject of unlawful discrimination in Illinois. *Hutchcraft Van Service, Inc. v. City of Urbana Human Relations Commission,* 104 Ill.App.3d 817, 433 N.E.2d 329, 60 Ill.Dec. 532 (1982). Thus, it is clear that the IHRA provides the statutory framework in which the Illinois constitutional right to freedom from unlawful employment discrimination is to be enforced.

Plaintiff contends, however, that this court should recognize the IHRA only as an additional remedy under the Illinois Constitution. The result of this construction would be two causes of action for unlawful employment discrimination in Illinois: one cause of action under the IHRA would have a 180 day filing deadline; a second cause of action under the Illinois Constitution would have a five year statute of limitations. This court finds such a result to be inconsistent with the IHRA's stated purpose to make uniform the law in Illinois with respect to unlawful employment discrimination.

This court reads the IHRA as establishing "reasonable exemptions" to the enforcement of the rights provided for in article I, § 17. Plaintiff's failure to file a complaint with the IDHR within 180 days classifies his claim as a reasonable exemption. Consequently, plaintiff has failed to state a cause of action under article I, § 17 of the Illinois Constitution for which relief can be granted. Because of this holding, we need not discuss the exercise of pendent jurisdiction by this court over Counts III and VI.

Defendants' motion to dismiss is granted with respect to Counts III and VI.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiff's amended complaint is granted with respect to Counts I, III, IV, and VI and denied with respect to Counts II and V. Counts I, III, IV and VI are dismissed without prejudice. Defendants' motion for a more definite statement is denied.