Robert L. WALKER, Plaintiff,

v.

**WOODWARD GOVERNOR COMPANY, Defendant.**

No. 83 C 20084.

United States District Court, N.D. Illinois, W.D.

Feb. 26, 1986.

Michael Havrilesko, Rockford, Ill., for plaintiff.

Robert L. Walker, pro se.

Robert R. McWilliams, Kostantacos, Traum, Reuterfors & McWilliams, Rockford, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is defendant's motion to dismiss Counts II through V of plaintiff's amended complaint and defendant's motion to strike reference to 42 U.S.C. § 1988. For the reasons stated herein, defendants motion is granted with respect to Counts II (Section 1985(3)), III (Section 1986), IV (Title VII) and V (Article I, Section 17 of the Illinois Constitution). Defendant's motion to strike reference to Section 1988 is denied.

## BACKGROUND

Viewing the complaint in the light most favorable to plaintiff, as this court must for purposes of the instant motion to dismiss, the facts underlying this case appear as follows:

Plaintiff, Robert L. Walker, a black male, was employed by defendant, Woodward Governor Company. During his employment, plaintiff was subjected to constant, humiliating treatment by his supervisors and co-workers. Plaintiff was forced to endure racial slurs and profanities and was the brunt of practical jokes based on his race. Plaintiff's co-workers and supervisors refused to speak to him or train him. Defendant placed plaintiff under surveillance and criticized and disciplined him for conduct that went unpunished in white employees. Plaintiff was given more difficult production tasks and then criticized and denied raises when his production rating was low. Defendant constantly denied Plaintiff and other black employees benefits customarily received by white employees. As a direct result of the constant racial discrimination, plaintiff was ultimately fired.

Following his dismissal, plaintiff initiated the present lawsuit. Plaintiff's five count complaint seeks redress for the intentional employment discrimination based on 42 U.S.C. §§ 1981, 1985(3), 1986 and 2000e as well as Article 1, § 17 of the Illinois Constitution. Defendant moved to dismiss all but the Section 1981 count and to strike plaintiff's reference to 42 U.S.C. § 1988 in Counts I through IV. Magistrate Mahoney denied defendant's motion as to all but the Section 2000e count.

Both parties have filed objections to the Magistrate's Report and Recommendation.

## DISCUSSION

### A. *Section 1985(3)*

The critical issue regarding plaintiff's claim under 42 U.S.C. § 1985(3) is whether that section's "conspiracy" requirement can be satisfied here since there is a single, corporate defendant. Recognizing this as a close case, the Magistrate found that since there were numerous acts of racial bigotry by various of defendant's employees, there was sufficient likelihood that a conspiracy could be proved to withstand a motion to dismiss. Relying on the *Dombrowski v. Dowling,* 459 F.2d 190 (7th Cir. 1972), defendant contends that at least in the Seventh Circuit a plaintiff may not establish a "conspiracy" for Section 1985(3) purposes between a corporate entity and its own supervisor-agents.

The intracorporate conspiracy doctrine grew out of the antitrust case, *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911 (5th Cir.1952), *cert. denied,* 345 U.S. 925, 73 S.Ct. 783, 97 L.Ed. 1356 (1953). In *Nelson* the court dismissed the claim of conspiracy, stating:

It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.... 

"[T]he inclusion of the defendant's agents in the alleged conspiracy would

seem to be only the basis for a technical rather than a substantial charge of conspiracy because obviously the agents were acting only for the defendant corporation." In the absence of any allegation whatever to indicate that the agents of the corporation were acting in other than their normal capacities, the plaintiff has failed to state a cause of action based on conspiracy under Section 1 of the [Sherman] Act.

200 F.2d at 914. (citation omitted) Thus, regardless of the number of employee-agents allegedly involved in anticompetitive conduct and regardless of the number of allegedly anticompetitive acts, as long as there was no indication that the corporate agents acted outside of their corporate roles, the acts were in essence committed by one "person"—the corporation—and could therefore not form the basis for a legal "conspiracy." This doctrine was most recently affirmed in *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 2741, 81 L.Ed.2d 628 (1984) ("officers or employees of the same firm do not provide the plurality of actors imperative for a § 1 [of the Sherman Act] conspiracy").

The intracorporate conspiracy doctrine has been applied to Section 1985 civil rights actions. The leading case for recognition of the doctrine is Judge (now Justice) Steven's opinion for the Seventh Circuit in *Dombrowski.* In that case, the court stated the general rule that:

> the [§ 1985 (3)] requirement that "two or more persons ... conspire or go in disguise on the highway", is not satisfied by proof that a discriminatory business decision reflects the collective judgment of two or more executives of the same firm.... [I]f the challenged conduct is essentially a single act of discrimination by a single business entity, the fact that two or more agents participated in the decision or in the act itself will normally

not constitute the conspiracy contemplated by [§ 1985(3)].

459 F.2d at 196. While *Dombrowski* has not been universally accepted, *see Novotny v. Great American Federal Savings & Loan Ass'n,* 584 F.2d 1235, 1259 (3d Cir. 1978) (*en banc*), *rev'd on other gnds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979)[1] the greater weight of authority follows the *Dombrowski* rule that a corporation and its agents generally cannot form the basis for a conspiracy under Section 1985(3). *See, e.g., Buschi v. Kirven,* 775 F.2d 1240, 1251–52 (4th Cir.1985); *Stathos v. Bowden,* 728 F.2d 15, 21 (1st Cir.1984); *Cross v. General Motors Corp.,* 721 F.2d 1152, 1156 (8th Cir.1983); *Girard v. 94th St. & Fifth Avenue Corp.,* 530 F.2d 66, 70–71 (2d Cir.), *cert denied,* 425 U.S. 974, 96 S.Ct. 2173, 48 L.Ed.2d 798 (1976).

To *Dombrowski's* general rule, courts have recognized various exceptions. Drawing on the language of *Nelson,* a first line of cases finds exception to intracorporate conspiracy immunity where the corporate agents are alleged to have acted with personal discriminatory animus i.e. where the corporate agents are alleged to have acted outside of the scope of their roles as corporate employees or officers. *See, e.g., Givan v. Greyhound Lines, Inc.,* 616 F.Supp. 1223, 1224 (S.D.Ohio 1985); *Ridgeway Coal Company, Inc. v. FMC Corp.,* 616 F.Supp. 404, 406 n. 3 (S.D.W.Va.1985); *Elbe v. Wausau Hospital Center,* 606 F.Supp. 1491, 1502 (W.D.Wis.1985).

A second line of cases has narrowly read *Dombrowski's* "single act of discrimination by a single business entity" language to mean that *continued* instances of discrimination are sufficient to allege a Section 1985(3) conspiracy. *See e.g., Stathos,* 728 F.2d at 21; *Novotny,* 584 F.2d at 1259 n. 125; *Craft v. Board of Trustees of the University of Illinois,* 516 F.Supp. 1317, 1324 (N.D.Ill.1981); *Rackin v. University of Pennsylvania,* 386 F.Supp. 992, 1005–06 (E.D.Pa.1974). This second exception has been said to create "the conceptual difficul-

---

**1.** The Supreme Court has recognized the *Dombrowski-Novotny* split but has yet to resolve the

issue. *See Copperweld,* 104 S.Ct. at 2744 n. 24.

94

ty.... that the number of discriminatory acts can create a conspiracy although each act is committed by a single entity." *Weaver v. Gross,* 605 F.Supp. 210, 214–15 (D.D.C.1985) quoting *Coley v. M & M Mars, Inc.,* 461 F.Supp. 1073, 1077 (M.D.Ga.1978) As an answer to this "conceptual difficulty", it has been suggested that this second *Dombrowski* exception is merely a restatement of the first exception; that the numerous alleged discriminatory acts really serve to indicate a likelihood that the corporate agents acted with personal, non-corporate, racial bias. *See Coley,* 461 F.Supp. at 1076.

A third *Dombrowski* exception is found within the text of *Dombrowski:*

> We do not suggest that an agent's action within the scope of his authority will always avoid a conspiracy finding. Agents of the Klan certainly could not carry out acts of violence with impunity simply because they were acting under orders from the Grand Dragon.

459 F.2d at 196. Most broadly this language of *Dombrowski* can be construed to mean that the intracorporate conspiracy doctrine

> does not apply whenever racial discrimination is alleged; more narrowly ... it may carve out an exception where violent acts are alleged. Neither of these interpretations is satisfactory, however. The first reading is foreclosed by *Dombrowski* itself which involved allegations of racial discrimination; the second reading is based on no principled rationale.

*Cole v. University of Hartford,* 391 F.Supp. 888, 893 (D.Conn.1975). As convincingly argued in *Cole,* the best explanation for this language in *Dombrowski*

> is that the law will not let those who would otherwise fall afoul of § 1985(3) avoid its effects by forming a corporation. In other words, conspirators may not create a principal for whom they are agents in order to make their acts all the acts of a single legal person that cannot be charged with conspiring with itself.

*Id.*

As in *Cole,* plaintiff in this case has not and cannot seriously argue that defendant

was incorporated to perpetrate racial discrimination. Thus, the third *Dombrowski* exception is clearly inapplicable here. Neither does plaintiff specifically allege the personal, racial animus requisite to the first *Dombrowski* exception. Plaintiff's complaint does however allege repeated acts of racial bigotry which under the second *Dombrowski* exception may well imply a sufficient personal discriminatory motivation to at least withstand the present motion to dismiss.

The type of discriminatory acts alleged by plaintiff in this case are much like those alleged by the plaintiff in *Cross v. General Motors Corp.,* 721 F.2d 1152 (8th Cir.1983). *Cross* was a racial discrimination in employment case brought pursuant to Sections 1981 and 1985(3). The plaintiff in *Cross*

> alleged, *inter alia,* that he was given inappropriate job assignments, that false entries were made in his employment records, and that certain requests ... were improperly denied. He also claim[ed] that he was "watched" and "physically battered" by several foremen.

*Id.* at 1156 n. 7. The Eighth Circuit characterized these acts as "arguably ... within the scope of employment" and thus insufficient to satisfy the *Dombrowski* "personal motivation" exception. *Id.* at 1156. Plaintiff's present allegations of improper work assignments, raise denials, supervisor harassment, discipline and surveillance, as well as his ultimate firing—even though allegedly based solely on his race—are thus at least "arguably" insufficient to satisfy the personal motivation exception to intracorporate conspiracy immunity.

This court has difficulty believing that employees of a corporation can avoid Section 1985(3) conspiratorial liability—especially at the motion to dismiss stage—merely because the racial discrimination manifested itself "arguably" as part of their jobs. A more well-reasoned conclusion would seem to be that knowing acts of

racial discrimination never fall within the "scope of employment" protective sphere; corporate agents should be charged with the duty of carrying out corporate activities in an objective, non-discriminatory manner and should be held liable for violations of that duty. *See Coley,* 461 F.Supp. at 1077.

■ The fatal flaw in plaintiff's complaint is not that he failed to sufficiently allege motivation, but rather that he has failed to name as defendants any of the allegedly bigoted corporate employees. As stated in *Cross* in upholding the district court's dismissal of the plaintiff's section 1985(3) conspiracy count

> [while] the case law does not completely foreclose the possibility of applying § 1985(3) to a single corporation ... court's that have held that an actionable section 1985(3) claim is presented have generally done so only where individual defendants are named as well as the corporation, and those individuals acted outside of their employment or for personal reasons.

721 F.2d at 1156. Having chosen to limit his action to a single, corporate defendant, plaintiff's proper avenue of recourse is through his Section 1981 discrimination count. *See also Weaver,* 605 F.Supp. at 215. Plaintiff's Section 1985(3) conspiracy count would appear to add nothing in terms of defendant's liability. Defendant's motion to dismiss Count II of plaintiff's complaint is therefore granted.

**B. *Section 1986***

Count III of plaintiff's complaint seeks to state a claim under 42 U.S.C. § 1986. Section 1986 creates a cause of action for failure to prevent or aid in preventing a violation of Section 1985. Since plaintiff no longer has a viable Section 1985 claim, Count III's Section 1986 claim must also be dismissed. *See Rogers v. Lincoln Towing Service, Inc.,* 771 F.2d 194 (7th Cir.1985); *Williams v. St. Joseph Hospital,* 629 F.2d 448, 452 (7th Cir.1980); *Tomkins v. Village of Tinley Park,* 566 F.Supp. 70, 80 (N.D.Ill. 1983).

**C. *Section 2000e of Title VII***

■ Magistrate Mahoney recommended dismissal of plaintiff's Title VII count because plaintiff had failed to satisfy the jurisdictional 180 day filing requirement of Section 706(e), 42 U.S.C. § 2000e—5(e). Plaintiff contends that he was entitled to the 300 day extended filing provision of Section 706(e) and that his Title VII claims are therefore timely. Plaintiff failed, however, to file with the Illinois Department of Human Relations within the 180 days provided by the Illinois Human Rights Act and thus has failed to satisfy the statutory prerequisite for a section 706(e) extension. For the reasons well stated in the magistrate's report and recommendation, as well as those set forth in *Lowell v. Glidden-Durkee, Div. of SCM Corp.,* 529 F.Supp. 17 (N.D.Ill.1981), this court lacks jurisdiction over the Title VII allegations in Count IV of plaintiff's complaint. Defendant's motion to dismiss Count IV is therefore granted.

**D. *Article I, § 17 of the Illinois Constitution***

■ Magistrate Mahoney recommended that defendant's motion to dismiss Count V be denied, ruling that a direct cause of action for racial discrimination exists under Article I, § 17 of the Illinois Constitution. This court has previously held, however that the Illinois Human Rights Act, Ill.Rev. Stat. ch. 68, ¶ 1–101 *et seq.,* provides the *exclusive* enforcement mechanism for Section 17 rights. *Smith v. Central Telephone Company,* 84 C. 20230 (N.D.Ill. September 18, 1985) (Roszkowski, J). *See also O'Young v. Hobart Corp.,* 579 F.Supp. 418 (N.D.Ill.1983) (McGarr, J.); *Curtis v. Continental Illinois National Bank,* 568 F.Supp. 740 (N.D.Ill.1983) (Bua, J.). Plaintiff's attempt at evading the Human Rights Act's exhaustion requirement by bringing a direct action under Section 17 is thus improper and Count V must therefore be dismissed.

**E. *Section 1988***

■ This court agrees with Magistrate Mahoney that plaintiff's reference to 42

U.S.C. § 1988 within the body of the counts of his complaint is not improper. While Section 1988 does not create a civil rights cause of action, by its own terms it does control the award of attorney's fees in Section 1981 litigation. Defendant's motion to dismiss reference to Section 1988 is therefore denied.