Donald TERRY, et al., Plaintiffs,

v.

ATLAS VAN LINES, INC., Defendant.

WESRAY SERVICES, INC.,
Defendant/Counter–Plaintiff
Third–Party Plaintiff,

v.

TRANSWORLD VAN LINES, INC.,
Third–Party Defendant.

No. 85 C 8121.

United States District Court,
N.D. Illinois, E.D.

Aug. 17, 1987.

---

Robert Briskman, Goldstein, Simon, Briskman, Briskman, Trinley & Lamb, Chicago, Ill., for plaintiffs.

Thomas Trinley, Robert Briskman, Goldstein, Simon, Briskman, Briskman, Trinley & Lamb, Chicago, Ill., Jack Pearce, Washington, D.C., for third party defendant.

Theodore R. Tetzlaff, Don R. Sampen, Randall F. Kender, Jenner & Block, Chicago, Ill., for Atlas Van Lines.

MEMORANDUM OPINION
AND ORDER

DECKER, District Judge.

Plaintiffs, Rothery Storage and Van Co., Inc. (Rothery) and Donald Terry (Terry), Rothery's president, brought a four count complaint against Atlas Van Lines, Inc. (Atlas) and Atlas's majority shareholder Wesray Services, Inc. (Wesray). Count I alleged, *inter alia*, that Atlas, Atlas's board of directors, and other Atlas officers and employees violated 42 U.S.C. § 1985(2) by conspiring to intimidate Rothery and its principals from participating in an antitrust suit against Atlas; and to injure Rothery's business and terminate Rothery's agency with Atlas when Rothery did participate. In its Memorandum Opinion and Order of June 18, 1986 [docketed June 20, 1986, 679 F.Supp. 1467], the court dismissed Count I for failure to state a claim.[1] Plaintiffs now move for reconsideration of that decision. In the alternative, plaintiffs filed an amended complaint amending portions of Count I. Defendants oppose the motion for reconsideration and move to dismiss the amended complaint.

## I. FACTUAL BACKGROUND [2]

Atlas, an interstate common carrier of household goods, operates a nationwide network of independently owned agents. In 1967, Rothery, an Illinois household goods moving and storage company, entered into Atlas's standardized agency agreement. Under the agreement, Rothery could operate both as an Atlas agent and as an independent moving company.

Like most corporations, a board of directors controls most of Atlas's decision-making. John Westerberg (Westerberg) and Jack Jepsen (Jepsen) were Atlas board members at all times relevant to this dispute. They head up two Atlas agents— Nelson—Westerberg, Inc. (Westerberg, Inc.) and Jepsen of Illinois, Inc. (Jepsen, Inc.)—which compete with Rothery.

In February, 1982, Atlas promulgated a new carrier agent policy. Atlas agents

---

1. The court sustained Counts II–IV of the complaint as well as Atlas's third party complaint.

2. The facts, set out fully in the court's previous opinion, will only be highlighted here.

could still operate independent moving companies, but only under dissimilar trade-names in "carrier affiliates."

Rothery and several other Atlas agents objected to the new policy and investigated possible legal action against Atlas. On May 19, 1982, Atlas's board, management, and agent representatives met to discuss the policy. At the meeting, Atlas's chairman expressed his dismay over the agent's attacks and indicated Atlas would take responsive action as necessary.

Shortly thereafter, Rothery received a letter from Atlas's president reminding Rothery of Atlas's right to counterclaim in the event of litigation. The letter also noted that there may be circumstances in which Atlas would have to terminate agents. The Atlas board received copies of an earlier draft of this letter.

Despite the letter, on February 17, 1983, Rothery and other Atlas agents brought an antitrust action against Atlas in the United States District Court for the District of Columbia. In that case, Terry testified at a preliminary injunction hearing and upon deposition.[3]

Subsequently, from February 1982—August 1983, Westerberg, Inc. officials solicited customers of Rothery intimating Rothery would soon be losing its Atlas affiliation. Westerberg, Inc. allegedly repeated this solicitation in September, 1985.

Atlas ultimately terminated Rothery's agency in September, 1985. Thomas Shelter (Shelter), an executive of an Atlas agent Shelter Moving and Storage, Inc. (Shelter, Inc.), served on the Atlas committee which considered and acted upon Rothery's termination. Shelter, Inc., at least to some extent, competes with Rothery.

## II. DISCUSSION

### A. *Motion To Reconsider*

The court dismissed Count I because it found the alleged illicit conduct was essentially the act of a single business entity. As such, under the intracorporate conspiracy doctrine, plaintiffs' complaint failed to state a § 1985 conspiracy claim. On this motion to reconsider, plaintiffs argue the intracorporate conspiracy doctrine should not exempt defendants because Rothery's competitors sat on the Atlas board and on the termination committee. Hence, plaintiffs again contend, the board decisions—to promulgate the new policy, to try and prevent litigation over the policy, and to terminate Rothery—constitute a conspiracy among separate entities and not the acts of a single corporate enterprise.

As new authority for this motion, plaintiffs cite the District of Columbia Circuit's decision in *Rothery Storage and Van Co. v. Atlas Van Lines, Inc.*, 792 F.2d 210 (D.C.Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987). In *Rothery*, the court of appeals affirmed the district court's decision to grant summary judgment in favor of the defendants on Rothery's antitrust claim. In the course of its analysis, however, the court noted that separate legal entities who competed in interstate commerce sat on Atlas's board. Therefore, under the Sherman Act, the court found that any board decision was an agreement among competitors and not an intracorporate decision automatically immune from antitrust liability under *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984). *Rothery*, 792 F.2d at 213.

Plaintiffs seek to extend this reasoning to the instant case. However, in this circuit, *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir.1972), and its progeny, clearly provide that to state a section 1985 conspiracy claim against corporate agents it must be alleged that the conspirators, in the course of or in furtherance of the conspiracy, acted outside their fiduciary responsibilities to the corporation. *E.g. H.G. Gallimore, Inc. v. Abdula*, 652 F.Supp. 437, 447 n. 5 (N.D.Ill.1987); *Walker v. Woodward Governor Co.*, 631 F.Supp. 91, 93 (N.D.Ill.1986); *Elbe v. Wausau Hospital Center*, 606 F.Supp. 1491, 1501 (W.D. Wisc.1985); *Bianco v. American Broad-*

---

**3.** *Rothery Storage and Van Co. v. Atlas Van Lines*, 597 F.Supp. 217 (D.D.C.1984), *aff'd*, 792 F.2d 210 (D.C.Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 880, 93 L.Ed.2d 834 (1987).

*casting Companies, Inc.,* 470 F.Supp. 182, 184 (N.D.Ill.1979). As the complaint does not allege the Atlas board's enactment of the new policy, attempts to head off litigation, and termination of Rothery were outside the board's responsibility or authority the acts are essentially those of a single enterprise and no conspiracy can be alleged.

Plaintiffs attempt to distinguish this line of cases by noting that none involved a corporate board member who also had a competitive stake in a decision of the board.[4] However, this distinction is not persuasive. Absent invidious discrimination, corporate agents should be free to act in accordance with their responsibility to advance the corporation's commercial interests without being liable for *conspiring* with the corporation for which they serve. If the agent also benefits personally, such benefits are merely incidental to his corporate responsibility and do not thereby create the requisite plurality of actors imperative for a conspiracy.

Thus, upon reconsideration in light of *Rothery,* the court stands by its previous decision. Under the complaint, the acts of a single business are at issue. Plaintiffs' motion for reconsideration is denied.

### B. *Plaintiff's Amended Complaint—Count I*

In an attempt to address the court's earlier decision, plaintiffs have amended Count I of their complaint. Count I now alleges the firms of Westerberg, Jepsen, and Shelter had "some interests adverse or potentially adverse to those of Defendant Atlas Van Lines, Inc. in that [the firms] ... had competitive interests vis-a-vis other affiliates of Atlas Van Lines, Inc., such as Rothery Van & Storage Co., which may not increase [Atlas'] profits ..." *See* Amended Complaint at ¶¶ 15, 17 and 20. Moreover, plaintiffs have attached a second affidavit by Terry to support the amended pleading. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Accepting these allegations as true for the purposes of this motion, Count I nonetheless still fails to state a claim under § 1985 because the new allegations, including the Terry affidavit, are conclusory and add no specific facts to the litigation. First, the allegations add no facts upon which to base a showing that Westerberg, Jepsen, or Shelter acted in a manner inconsistent with their corporate responsibilities. Moreover, the new contentions do not allege facts from which the court could reasonably infer that any of the alleged actions were taken to or did in fact benefit the Westerberg or Jepsen companies *at Atlas's expense.* *See* Mem.Op. at 5.

In addition, plaintiffs have still only brought suit against Atlas. To state a § 1985 conspiracy, a plaintiff must name the individual defendants as well as the corporation. *Cross v. General Motors Corp.,* 721 F.2d 1152, 1156–57 (8th Cir. 1983), *cert. denied,* 466 U.S. 980–81, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984); *Walker v. Woodward Governor Co.,* 631 F.Supp. 91, 95 (N.D.Ill.1986).

Accordingly, defendants' motion to dismiss Count I of plaintiffs' amended complaint is granted.

### III. CONCLUSION

Plaintiffs' motion for reconsideration is denied. Defendants' motion to dismiss Count I of the amended complaint is granted.

---

**4.** Some courts have held that the intracorporate conspiracy doctrine does not exempt a corporation or its agents when the corporate agent "has an independent personal stake" in achieving the corporation's objective. *See Buschi v. Kirven,* 775 F.2d 1240, 1252 (4th Cir.1985) *citing Greenville Publishing Co., Inc. v. Daily Reflector, Inc.,* 496 F.2d 391, 399 (4th Cir.1974). This circuit has never adopted that exception.