Carl E. LEE, Plaintiff,

v.

LOYOLA UNIVERSITY OF CHICAGO, a not-for-profit corporation, and Loyola University Medical Center, its division, Defendants.

No. 86 C 6104.

United States District Court, N.D. Illinois, E.D.

Sept. 2, 1987.

Murray B. Woolley, Chicago, Ill., for plaintiff.

Leon S. Conlon, Joy V. Cunningham, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

This order concerns defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated herein, defendants' motion to dismiss is granted in part and denied in part.

## I. FACTS

Plaintiff Carl Lee is a black male who was employed by defendants Loyola University of Chicago and Loyola University Medical Center (collectively "Loyola") as a respiratory therapist from April 1983 to June 1986. According to his complaint, Lee applied for this position several times beginning in 1978 prior to being hired in 1983. In 1981, Lee answered a newspaper advertisement for respiratory therapists placed by Loyola. However, four white persons with less experience and education than Lee were allegedly hired for the jobs.

Shortly after being hired in 1983, Lee allegedly was subjected to conditions of his employment not equal to that of his white co-workers. Among other things, Lee was allegedly denied opportunities to receive training necessary for job advancement. White workers in Lee's group, however, purportedly received this training.

Sometime prior to February 1985, Loyola issued a personnel policy manual ("manual") setting forth certain procedures for employee discipline and termination. Generally, the manual prescribes that nonprobationary employees are terminable only for cause and only after certain procedures are observed. Lee complains, however, that he was terminated without just cause and that certain provisions of the manual regarding termination were not followed by Loyola.

## II. DISCUSSION

In Count I of his two-count complaint, Lee charges that Loyola engaged in purposeful racial discrimination in hiring and in conditions of employment in violation of 42 U.S.C. § 1981. In Count II, Lee alleges that the manual constituted a binding contract which was breached when Loyola allegedly failed to follow procedures prerequisite to Lee's termination. Lee asserts this latter claim under principles of pendent jurisdiction.

Loyola, in its motion to dismiss, asserts that the complaint fails to state a valid § 1981 claim. In particular, Loyola contends that the complaint does not provide adequate information from which it can answer and assert defenses. This court disagrees.

To make a prima facie case under 42 U.S.C. § 1981, a plaintiff must show: (a) he is a member of a racial minority; (b) he applied and qualified for a position for which the employer was seeking applicants; (c) he was rejected despite his qualifications; and (d) the position remained open and the employer continued to seek applicants from persons having qualifications similar to the claimant. *Scott v. Sisters of St. Francis Health Services*, 645 F.Supp. 1465, 1471 (N.D.Ill.1986). Once a plaintiff pleads the foregoing elements, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for not hiring the plaintiff. *Id.*

Lee's allegations concerning his inability to obtain a position at Loyola prior to 1983 are sufficient to meet the prima facie requirements for stating a § 1981 discriminatory hiring claim. Lee asserts he is black and applied and qualified for the position of respiratory therapist for which Loyola was seeking applicants. Despite his qualifications, Lee asserts he was rejected and the positions remained open until Loyola ultimately filled them with white applicants having inferior qualifications.

In addition to pleading a § 1981 claim for racially discriminatory hiring practices, Lee also asserts a similar claim regarding the conditions of his employment. Central to a disparate treatment claim in conditions of employment is an allegation that the defendant employer engaged in purposeful discrimination. *O'Young v. Hobart Corp.*, 579 F.Supp. 418, 422 (N.D.Ill.1983), *citing General Building Contr. Ass'n v. Pennsylvania*, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982). In order to state such a cause of action under § 1981, a plaintiff must allege he was subjected to different terms and conditions of employment because of his or her race. *O'Young v. Hobart Corp.*, 579 F.Supp. at 422. A reading of Lee's complaint shows the foregoing pleading requirements are met. Among other assertions, Lee claims that unlike his white co-workers, he was denied the opportunity to receive training necessary for job advancement. Lee further asserts that his disparate treatment was intentional and the result of racial discrimination. Accordingly, Loyola's motion to dismiss Lee's § 1981 claim for discriminatory conditions of employment is denied.

Lee does not, however, establish a valid § 1981 claim with respect to his termination of employment. The complaint alleges only that he was dismissed without just cause. In Lee's answer to Loyola's motion to dismiss, he admits that this claim

is made only tangentially. The crux of the termination claim actually seems to lie in the second count of the complaint in which Lee asserts a pendent claim for breach of contract. Since Lee essentially concedes that his termination claim sounds in contract and not under § 1981, any implied claim of racial discrimination in termination is dismissed. However, Lee's pendent breach of contract claim for wrongful termination remains.

## III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted with respect to any claim under § 1981 for discriminatory termination and denied with regard to plaintiff's § 1981 claims for discriminatory hiring practices and conditions of employment. Because plaintiff states cognizable federal question claims under § 1981, defendants' motion to dismiss plaintiff's breach of contract claim for lack of pendent jurisdiction is denied.

IT IS SO ORDERED.